LAW OFFICES OF MYLES S. BREINER

MYLES S. BREINER                4364
1003 Bishop Street, Suite 2150
Honolulu, Hawaii 96813
Tel. No. (808) 526-3426
Facsimile No. (808) 521-7680
*myles@breinerlaw.net*

REVERE & ASSOCIATES
A Limited Liability Law Company

TERRANCE M. REVERE              5857
CLARISSE M. KOBASHIGAWA         9314
PAUL V.K. SMITH                 5891
Pali Palms Plaza
970 N. Kalaheo Ave., Suite A301
Kailua, Hawaii 96734
Tel. No. (808) 791-9550
Facsimile No. (808) 791-9551
*terry@revereandassociates.com*
*clarisse@revereandassociates.com*
*paul@revereandassociates.com*

Attorneys for Plaintiffs
ERIN LERETTE, individually and as
guardian and next friend of minor child,
B.T.B.; and TRISTAN T. BURTON

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ERIN LERETTE, individually and as guardian and next friend of minor child, B.T.B.; and TRISTAN T. BURTON,<br><br>            Plaintiffs, | ) Civil No. 1:20-cv-00202 JAO-RT<br>)<br>) PLAINTIFFS ERIN LERETTE,<br>) individually and as guardian and next<br>) friend of minor child, B.T.B.; and<br>) TRISTAN T. BURTON'S<br>) MEMORANDUM IN OPPOSITION |

1

| | |
|---|---|
| vs.<br><br>CITY AND COUNTY OF HAWAII; HAWAII COUNTY POLICE DEPARTMENT; LUKE WATKINS, individually and in his official capacity; PAUL T. ISOTANI, individually and in his official capacity; LANDON TAKENISHI, individually and in his official capacity; DOE DEFENDANTS 1-10; DOE PARTNERSHIPS 1-10; and DOE CORPORATIONS 1-10<br><br>                Defendants. | TO DEFENDANTS COUNTY OF HAWAI'I, HAWAI'I COUNTY POLICE DEPARTMENT; LUKE WATKINS; PAUL T. ISOTANI, and LANDON TAKENISHI'S MOTION TO DISMISS [ECF 16] filed on 6/22/20; CERTIFICATE OF SERVICE<br><br>HEARING DATE:<br>DATE: September 25, 2020<br>TIME:9: 00 AM<br>JUDGE: Hon. JILL A. OTAKE |

PLAINTIFFS' ERIN LERETTE, individually and as guardian and next friend of minor child, B.T.B.; and TRISTAN T. BURTON'S MEMORANDUM IN OPPOSITION TO DEFENDANTS COUNTY OF HAWAI'I, HAWAI'I COUNTY POLICE DEPARTMENT; LUKE WATKINS; PAUL T. ISOTANI, and LANDON TAKENISHI'S MOTION TO DISMISS[ECF 16] filed on 6/22/20

Plaintiffs, ERIN LERETTE, individually and as guardian and next friend of minor child, B.T.B., and TRISTAN T. BURTON (hereinafter "Plaintiffs"), by and through their counsel, hereby submit their Memorandum In Opposition to Defendants County of Hawaii, Hawaii County Police Department, Luke Watkins, Paul T. Isotani and Landon Takenishi's (hereinafter "Defendants") Motion to Dismiss ("Motion")/[ECF 16] filed on 6/22/20.

I. **INTRODUCTION**

This is a wrongful death suit in which Plaintiffs civil rights claims under 42 U.S.C. §1983, 42 U.S.C. §1985, and state law claims, arise from Defendants' unlawful seizure and use of excessive force upon Vincent T. Burton ("Decedent"), now deceased, exposed decedent to conditions that culminated in his wrongful death and the wrongful coverup of the Defendants' failure to provide timely medical treatment to decedent.

This Court is vested with jurisdiction over this matter pursuant to 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343 inter alia. Venue resides in the United States District Court for the District of Hawaii pursuant to 28 U.S.C. 1391, as all, or a substantial part, of the acts and/or omissions that are the basis for this lawsuit occurred in the State of Hawaii within the District of Hawaii, and all of the Defendants reside in the State of Hawaii.

II. **APPLICABLE STANDARD**

First, it is well established that to succeed on a motion to dismiss, the following standard must be met: "A complaint should not be dismissed unless it appears <u>beyond doubt</u> that plaintiff can prove <u>no set of facts</u> in support of his claim which would entitle him to relief. All allegations of material fact are taken as true and construed in the light most favorable to plaintiff." <u>Arakawa v. Sakata</u>, 133

1

F.Supp.2d 1223, 1225 (D. Haw. Mar. 6, 2001). Thus, a very high bar is set for Defendant to prevail on a motion to dismiss.

### A.  Surviving Rule 12(b)(6) - Short and Plain Statement of a Claim Will Suffice

Detailed factual allegations are not necessary in order to survive a motion to dismiss. FRCP Rule 8(a) only requires "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint need not include detailed facts to survive a Rule 12(b)(6) motion to dismiss. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). It is also a well-accepted in Hawaii that notice pleadings will suffice - that pleadings need contain only a short and plain statement of the claim, showing that the pleader is entitled to relief. This is simply to afford the Defendants notice of what events/actions the complaint alleges. (See, Lee vs. City of Los Angeles, 250 F.2d 668, 679 (2001).

Thus, the proper standard for a 12(b)6 analysis is whether the plaintiff has plead "no set of facts" which demonstrate the factual element of his claim. Twombly, at 55. Plaintiffs' Complaint clearly passes the "no set of facts" test.

A court looks at whether the facts in the complaint sufficiently state a "plausible" ground for relief. See Twombly, 550 U.S. at 570. A plaintiff must include enough facts to raise a reasonable expectation that *discovery will reveal evidence* and may not just provide a speculation of a right to relief. Emphasis

added. Id. at 586. With the exception of legal conclusions, the general tenet is that a court must accept as true *all of the allegations* contained in a complaint" Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)(internal quotations and citations omitted).

### B.     Preference For Leave to Amend

In addition, "a failure to comply with many of the special pleading provisions in Rule 9 need not be remedied by a dismissal of the action or a striking of the pleading, but can be corrected through a motion for a more definite statement or the use of the discovery procedures." 5 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1291, at 564 (2d ed. 1990).

*Thus, if a court dismisses the complaint or portions thereof, it must consider whether to grant leave to amend*. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000)(finding that leave to amend should be granted "if it appears at all possible that the plaintiff can correct the defect") (internal quotations and citations omitted). See Masayoshi Hasegawa v. State, No. 10-00745 DAE-BMK, 2011 U.S. Dist. LEXIS 55586, at *3-7 (D. Haw. May 24, 2011). (Emphasis added) Accordingly, Plaintiffs respectfully request permission for leave to amend, should this Court find it appropriate to dismiss any or some portions of Plaintiff's Second Amended Complaint.

### III.   ARGUMENT

**A. Plaintiffs' Official Capacity Claims (against Officer Defendants Watkins, Isotani, and Takenishi) and the Hawaii County Police Department**

Defendant Police Officers Watkins, Isotani and Takenishi seek to dismiss claims brought against them in their <u>official</u> capacities due to the fact that the municipality (County of Hawaii) is also a named Defendant in this lawsuit.

A similar argument is made with respect to dismissing Defendant Hawaii County Police Department.

Because Defendants do not seek a dismissal of Hawaii County as a Defendant, then Plaintiffs concede to dismissing Officer Watkins, Isotani and Takenishi in their <u>official</u> capacities only and to dismissing Hawaii County Police Department as a defendant, without prejudice.

**B. Plaintiffs' State Law Claims**

Defendants rely on Hawaii County Charter §13-18 and HRS §46-72 to assert that Plaintiffs <u>state</u> claims are barred because a claim must first be filed with the county clerk within two years of the date of injury. Per the Hawaii County Charter, the complete language states as follows:

> No action shall be maintained for the recovery of damages for any injury <u>to persons or property by reason of negligence or other act of any official or employee of the county</u> unless a written statement stating fully when, where and how the injuries occurred, the apparent extent thereof and the

4

> tentative amount claimed therefor shall have been filed with the county clerk within two years after the date the injury was sustained.

Hawaii County Charter §13-18. Similarly, HRS §46-72 states as follows:

> Before the county shall be liable for damages to any person for injuries to person or property received upon any of the streets, avenues, alleys, sidewalks, or other public places of the county, or on account of any negligence of any official or employee of the county, the person injured, or the owner or person entitled to the possession, occupation, or use of the property injured, or someone on the person's behalf, within two years after the injuries accrued shall give the individual identified in the respective county's charter, or if none is specified, the chairperson of the council of the county or the clerk of the county in which the injuries occurred, notice in writing of the injuries and the specific damages resulting, stating fully when, where, and how the injuries or damage occurred, the extent of the injuries or damages, and the amount claimed.

Haw. Rev. Stat. § 46-72. Notably, the Ordinance and Charter provisions are specific to state law claims.

With the specific understanding that Defendant do not seek to dismiss any of Plaintiff's federal claims, Plaintiffs federal claims should be left intact. And in reviewing the Defendants' motion they have accordingly limited the scope of their motion to contest the state law claims only.

5

It is also clear that with respect to any claims belonging to minor, B.T.B is not past the statute of limitations. As directly addressed in Nakamoto v. Cnty. of Hawai'i, CIVIL No. 18-00097 DKW-KJM (D. Haw. June 7, 2018): HRS §657-13, by operation of law, tolls the statute of limitations during infancy.

In Nakamoto, a similar motion to dismiss was brought by the County of Hawaii. And there the court held as follows:

> Contrary to the County's argument, the minors' claims brought by Nakamoto as "next friend" are subject to the infancy tolling provision. Nothing cited by the County suggests otherwise. The County erroneously relies on *Kahale v. City & County of Honolulu*, 104 Hawai'i 341, 343, 90 P.3d 233, 235 (2004), for the proposition that "HRS § 357-13(1) nowhere provides for the tolling of derivative actions." Mem. in Supp. at 9, Dkt. No. 3-1. Claims brought as "next friend" on behalf of a minor, however, were not the "derivative actions" at issue in *Kahale*. Rather, the Hawaii Supreme Court in *Kahale* addressed the *parents*' untimely infliction of emotional distress and loss of consortium claims for injuries suffered by their minor child who was bitten by a dog at a City park.

Nakamoto v. Cnty. of Hawai'i, CIVIL No. 18-00097 DKW-KJM, at *11-12 (D. Haw. June 7, 2018).

To be clear, Defendants cannot wholesale get rid of all of Plaintiffs claims in Counts II, III, IV, V, VI, VII, VIII, IX, and XII (as referenced on page 6 of their Motion). To the extent that Defendants request dismissal of the state law causes of

6

action only, Plaintiffs will concede dismissal <u>however</u>, this concession *does not include* claims brought or that can be brought on behalf of BTB, presently a minor. The court has clearly indicated that the statute of limitations is tolled with respect to minors:

> Because the County is subject to the infancy tolling provisions in HRS § 657-13(1), *see Kahale*, 104 Hawai'i at 349, 90 P.3d at 241, and the minors are alleged to have been under the age of eighteen at the time the cause of action accrued, on the face of the Complaint, it appears that claims for A.N. and N.B.'s own injuries are tolled as to the County. Because A.N. and N.B. were "'[w]ithin the age of eighteen years' at the time that the present matter arose, the infancy tolling provision of HRS § 657-13(1) allowed [them] the 'liberty to bring such actions . . . at any time while the disability exists.'" *Kahale*, 104 Hawai'i at 349, 90 P.3d at 241 (quoting HRS § 657-13(1)).

<u>Nakamoto v. Cnty. of Hawai'i</u>, CIVIL No. 18-00097 DKW-KJM, at *13 (D. Haw. June 7, 2018). *See also* <u>Kahale v. City and County of Honolulu</u>, 104 Haw. 341, 343 (Haw. 2004) ("We also hold, pursuant to HRS § 657-13(1), that the counties of this state are subject to the infancy tolling provision generally applied in personal injury actions and that HRS § 657-13(1) tolled the running of the statute of limitations as to Brandzie's claims.")

     B.T.B. was a minor at the time of his father, Vincent Burton's beating and death and is still presently a minor. *See* Defendant's Exhibit A at ¶¶ 3 & 12.

Count II (Negligent Training/Supervision) can also be stated as a federal claim, implicating municipal liability under U.S.C. § 1983. Municipalities are considered "persons" for purposes of suits pursuant to Section 1983. Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 690 (1978). To impose liability against a municipality, a plaintiff must demonstrate that action pursuant to official policy, custom, or practice caused the constitutional injury. Garmon v. Cnty. of L.A., 828 F.3d 837, 846 (9th Cir. 2016).

The second theory under which a municipality may be held liable under Section 1983 is for failure to train, supervise, or discipline its employees. City of Canton, Ohio v. Harris, 489 U.S. 378, 387 (1989). Municipal liability may be imposed pursuant to the second theory when the policymakers of the city can reasonably be said to have been deliberately indifferent to the need for better training, supervision, or discipline. Id. at 390.

C. *Alternatively, if the Court Dismisses Any Count it Should be Without Prejudice, and Leave Given to Plaintiff to Amend His Complaint.*

Federal Rule of Civil Procedure 15(a) provides:

> (a) Amendments Before Trial.
> …
> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Dismissal without leave to amend is improper unless it is clear that the complaint could not be saved by any amendment. Moss v. U.S. Secret Service, 572 F.3d 962,

8

972 (9th Cir. 2009). In the instant matter, if the Court dismisses any part of the complaint for failure to state a claim, the complaint could easily be saved by clarifying amendments. Therefore, dismissal, if granted should be without prejudice and with leave to amend.

The very language of Rule 15, confirms and emphasizes that liberality in amendments is encouraged and favored where no undue prejudice or disadvantage is suffered by the opposing side. Defendants will not be prejudiced given that trial has not yet been set, discovery is ongoing and still in its early phases with no depositions taken. Accordingly, Defendants should not be allowed to claim undue prejudice. There has been no undue delay, bad faith or dilatory motive on either party's part in requesting leave to amend and further clarify claims.

IV.     CONCLUSION

If the Court is inclined to dismiss any of Plaintiffs claims, the Court should only dismiss <u>without prejudice</u> and allow Plaintiffs leave to amend their complaint pursuant to Fed. R. Civ. P. 15(a)(2).

DATED:  Honolulu, Hawaii, August 24, 2020.

        /s/ Clarisse M. Kobashigawa
        MYLES S. BREINER
        TERRANCE M. REVERE
        CLARISSE M. KOBASHIGAWA
        PAUL V.K. SMITH
        Attorneys for Plaintiffs