IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ERIN LERETTE, individually and as guardian and next friend of minor child, B.T.B; TRISTAN T. BURTON,<br><br>                Plaintiffs,<br><br>      vs.<br><br>CITY AND COUNTY OF HAWAII, et al.,<br><br>                Defendants. | CIVIL NO. 20-00202 JAO-RT<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS COUNTY OF HAWAI'I, HAWAI'I COUNTY POLICE DEPARTMENT, LUKE WATKINS, PAUL T. ISOTANI, AND LANDON TAKENISHI'S MOTION TO DISMISS |

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS COUNTY OF HAWAI'I, HAWAI'I COUNTY POLICE
DEPARTMENT, LUKE WATKINS, PAUL T. ISOTANI, AND LANDON
TAKENISHI'S MOTION TO DISMISS**

In this wrongful death action, Plaintiffs Tristan Burton ("Tristan") and Erin

Lerette ("Lerette"), individually and as guardian and next friend of minor child,

B.T.B ("B.T.B.")[1] (collectively, "Plaintiffs") allege that actions taken by

Defendants Luke Watkins ("Watkins"), Paul T. Isotani ("Isotani"), and Landon

Takenishi ("Takenishi") (collectively, "Officer Defendants") during the course of

Vincent Travis Burton's ("Vincent") arrest caused his death. Defendants County

---

[1] All references to Lerette in this Order pertain to her *individual* claims, not those in her capacity as guardian and next friend of B.T.B.

of Hawaiʻi ("the County"),[2] Hawaiʻi County Police Department ("HPD"), Watkins, Isotani, and Takenishi (collectively, "Defendants") move to dismiss (1) the claims against Watkins, Isotani, and Takenishi in their official capacities; (2) the claims against HPD; and (3) state law claims against the County.  The Court elects to decide this matter without a hearing pursuant to Local Rule 7.1(c).  For the following reasons, the Court GRANTS IN PART AND DENIES IN PART Defendants' Motion to Dismiss.

<u>BACKGROUND</u>

I.    <u>Factual History</u>[3]

On May 3, 2018, Vincent, accompanied by his wife while driving, pulled over behind and approached a subsidized police vehicle, believing it belonged to a longtime friend and police officer.  Compl. ¶¶ 22–23.  Vincent learned that it was not his friend but Takenishi in the vehicle.  *Id.* ¶ 24.  Against Takenishi's orders, Vincent drove away.  *Id.*  At a gas station in Honokaʻa, multiple officers approached Vincent, including Watkins and Isotani.  *Id.* ¶ 25.  The officers handcuffed Vincent after administering a field sobriety test.  *Id.*  One of the officers then attacked him, joined by Watkins, and Vincent ended up on the

---

[2]  Plaintiffs erroneously refer to the County as the City and County of Hawaiʻi.

[3]  Although this case concerns the same incident as *Burton v. City and County of Hawaii*, Civil No. 20-00208 JAO-RT, material facts presented in the complaints differ significantly.

ground.  *Id.* ¶ 26.  The officers stopped assaulting Vincent when he told his wife to record the incident and they took him away.  *Id.*  Vincent was taken into custody and transported to the Hamakua Police Station.  *Id.* ¶ 28.  Watkins thought Vincent was trying to escape while exiting the transport vehicle and consequently threw him on the ground.  *Id.*

The next day, police officers from the Hilo Station took Plaintiff to Hilo Medical Center ("HMC") before transferring him  to Hilo Community Correctional Center ("HCCC").  *Id.* ¶ 29.  Vincent heard one of the officers say that they should take him to HMC so that they would not be blamed for his injuries.  *Id.*  Following his diagnosis—broken ribs and a concussion—at HMC, Vincent was returned to police custody and transported to HCCC, where he remained in a holding cell for approximately four days.  *Id.* ¶¶ 31–32.

On May 8, 2018, Lerette, Vincent's sister, bailed him out of custody.  *Id.* ¶ 34.  On May 11, 2018, Vincent vomited blood.  *Id.* ¶ 35.  He went to HMC and was admitted until he passed away on May 20, 2018.  *Id.* ¶ 35.  Vincent's surviving sons include Tristan and B.T.B.  *Id.* ¶¶ 11–12.

## II.   <u>Procedural History</u>

Plaintiffs commenced this action on May 3, 2020, asserting the following claims:  Count I – 42 U.S.C. § 1983; Count II – negligent training/supervision; Count III –  assault and battery; Count IV – wrongful death; Count V – negligence;

Count VI – gross negligence; Count VII – intentional infliction of emotional distress; Count VIII – negligent infliction of emotional distress; Count IX – respondeat superior and/or vicarious liability; Count X – 42 U.S.C. § 1985, conspiracy to interfere with civil rights by submitting false police reports and investigation and coverup; Count XI – 42 U.S.C. § 1983 submission of false police report and investigation in violation of Fifth and Fourteenth Amendment rights to property and due process; and Count XII – spoliation of evidence.  Plaintiffs pray for monetary damages, expenses, costs of suit, and attorneys' fees.  Compl. ¶¶ 102–104.

Defendants filed the present Motion on June 22, 2020.  ECF No. 16.

## LEGAL STANDARD

Federal Rule of Civil Procedure ("FRCP") 12(b)(6) authorizes dismissal of a complaint that fails "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  On a Rule 12(b)(6) motion to dismiss, "the court accepts the facts alleged in the complaint as true," and "[d]ismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged."  *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)) (alteration in original).  However, conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to

defeat a motion to dismiss. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Nat'l Ass'n for the Advancement of Psychoanalysis v. Cal. Bd. of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000) (citation omitted). Furthermore, the court need not accept as true allegations that contradict matters properly subject to judicial notice. *See Sprewell*, 266 F.3d at 988.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The tenet that the court must accept as true all of the allegations contained in the complaint does not apply to legal conclusions. *See id.* As such, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (citing Fed. R. Civ. P. 8(a)(2)) (some alterations in original). If dismissal is ordered, the plaintiff should be granted leave to amend unless it is clear that the claims could not be saved by amendment. *See Swartz v.*

*KPMG LLP*, 476 F.3d 756, 760 (9th Cir. 2007) (citation omitted).

"A statute-of-limitations defense, if 'apparent from the face of the complaint,' may properly be raised in a motion to dismiss." *Seven Arts Filmed Ent. Ltd. v. Content Media Corp.*, 733 F.3d 1251, 1254 (9th Cir. 2013) (citation omitted); *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013) ("When an affirmative defense is obvious on the face of a complaint, . . . a defendant can raise that defense in a motion to dismiss." (citation omitted)). "[U]nless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim," however, a court cannot dismiss a complaint. *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1207 (9th Cir. 1995) (citation omitted).

DISCUSSION

Defendants seek to dismiss:  (1) claims against Watkins, Isotani, and Takenishi in their official capacities because their claims are derivative of those brought against the County; (2) claims against HPD because, as a branch of the County, it is not a separate entity that can be sued; and (3) state law claims[4] against the County because they are barred by Hawaiʻi County Charter ("HCC") § 13-18 and/or Hawaiʻi Revised Statues ("HRS") § 46-72.  Plaintiffs concede that dismissal

---

[4]  Defendants specifically ask to dismiss Counts II, III, IV, V, VI, VII, VIII, IX, and XII.  ECF No. 16-1 at 6.

is appropriate on these grounds[5] but refute the application of HCC § 13-18 or HRS
§ 46-72 to bar B.T.B.'s  state law claims against the County.

Plaintiffs also argue that any dismissal should be with leave to amend.  The
Court denies Plaintiffs' request for leave to amend.  The claims that are subject to
dismissal could not be saved by amendment because they fail as a matter of law.

I.    Official Capacity Claims against the Officer Defendants

Defendants argue that the official capacity claims against the Officer
Defendants should be dismissed because they are derivative of the claims against
the County.  "Since official-capacity suits generally represent only another way of
pleading an action against an entity of which an officer is an agent," *Monell v.
Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690 n.55 (1978), such suits should
"be treated as a suit against the entity."  *Kentucky v. Graham*, 473 U.S. 159, 166
(1985) (citation omitted).  "It is *not* a suit against the official personally, for the
real party in interest is the entity."  *Id.*  Accordingly, the Court DISMISSES the
claims against Watkins, Isotani, and Takenishi in their official capacities with

---

[5] *See* ECF No. 30 at 6–7.  Given Plaintiffs' concessions, their refusal to withdraw
these claims during the Local Rule 7.8 pre-filing conference is concerning.  The
purpose of the conference is to dispense of motions and/or to limit the scope of
issues presented to the Court.  Plaintiffs' failure to acknowledge obvious
deficiencies in the Complaint during the conference caused needless expenditure of
time, resources, and expenses.  Indeed, given the concessions by all parties, this
Motion was entirely unnecessary and should have been resolved at the conference
and/or through the amendment of the Complaint.

prejudice.  *See Park v. City & County of Honolulu*, 292 F. Supp. 3d 1080, 1090 (D.

Haw. 2018) (dismissing with prejudice official capacity claims against the

individual officer defendants).

II.    Claims against HPD

Defendants contend that the claims against HPD should be dismissed

because as a division of the County, it is not separately subject to suit.  Whether or

not a local law enforcement agency is a separate suable entity depends on state

law.  *See Silva v. San Pablo Police Dep't*, 805 F. App'x 482, 484 (9th Cir. 2020)

(citations omitted); Fed. R. Civ. P. 17(b)(3) (for parties other than individuals or

corporations, the capacity to be sued is determined "by the law of the state where

the court is located").  Pursuant to HCC § 7-2.6, HPD is "under the general

supervision and control of the mayor, through the managing director."  HCC § 7-

2.6; *see also Young v. Hawaii*, 548 F. Supp. 2d 1151, 1165 (D. Haw. 2008)

("Different departments within the County [of Hawai'i] are not considered separate

legal entities."), *overruled on other grounds by Dist. of Columbia v. Heller*, 554

U.S. 570 (2008).  Because HPD is a non-jural entity, the Court DISMISSES the

claims against HPD with prejudice.  *See Gomes v. County of Kauai*, Civ. No. 20-

00189 JMS-WRP, 2020 WL 5097835, at *5 (D. Haw. Aug. 26, 2020) (dismissing

with prejudice the claims against the Kauai Police Department and Kauai Police

Commission because they are not separate legal entities from the County of

Kauai); *Reno v. Nielson*, 424 F. Supp. 3d 1045, 1054 (D. Haw. 2019) (dismissing the Honolulu Police Department because it "is a division of the City and not separately subject to suit" (citations omitted)).

III.    <u>Compliance with HCC § 13-18 and HRS § 46-72</u>

Defendants lastly move to dismiss Counts II, III, IV, V, VI, VII, VIII, IX, and XII against the County because Plaintiffs failed to comply with HCC § 13-18[6] and/or HRS § 46-72.[7]   Plaintiffs do not challenge the dismissal of Lerette's and

---

[6] HCC § 13-18 provides:

> No action shall be maintained for the recovery of damages for any injury to persons or property by reason of negligence or other act of any official or employee of the county unless a written statement stating fully when, where and how the injuries occurred, the apparent extent thereof and the tentative amount claimed therefor *shall have been filed with the county clerk within two years after the date the injury was sustained*.

HCC § 13-18 (emphasis added).

[7] HRS § 46-72 provides:

> Before the county shall be liable for damages to any person for injuries to person or property received upon any of the streets, avenues, alleys, sidewalks, or other public places of the county, or on account of any negligence of any official or employee of the county, the person injured, or the owner or person entitled to the possession, occupation, or use of the property injured, or someone on the person's behalf, within two years after the injuries accrued shall give the individual identified in the respective county's charter, or if none is specified, the chairperson of the council of the county or the clerk of the county in which the injuries

(continued . . .)

9

Tristan's state law claims against the County[8] but counter that because B.T.B. is a minor, the statute of limitations is tolled as to his state law claims.  ECF No. 30 at 8–9.  Defendants concede that B.T.B.'s claims, once separated from the claims of other Plaintiffs, might be permissible.[9]  ECF No. 31 at 4.

When a plaintiff fails to provide any written notice prior to serving the complaint and summons, state law claims may not proceed against the County. *See Nakamoto v. County of Hawaiʻi*, CIVIL NO. CV 18-00097 DKW-KJM, 2018 WL 2750224, at *3 (D. Haw. June 7, 2018) (dismissing as untimely state law claims for failure to comply with HRS § 46-72 and concluding that "[e]ven if Nakamoto's Complaint was sufficient written notice under Section 46-72, she did not serve a copy of the Complaint on the County until February 27, 2018—after the statute of limitations expired"); *Harris v. County of Hawaii*, CIVIL NO. 17-

_____

(. . . continued)

> occurred, notice in writing of the injuries and the specific damages resulting, stating fully when, where, and how the injuries or damage occurred, the extent of the injuries or damages, and the amount claimed.

HRS § 46-72.

[8]  Plaintiffs argue that Count II (negligent training/supervision) can be stated as a federal claim.  It was not pled as a federal claim—Plaintiffs' federal claims were identified by their references to §§ 1983 and 1985—so the Court rejects any effort to recast it in response to this Motion.

[9]  Whether a claim is properly asserted by one Plaintiff or another is not presently before the Court.

00449 RLP, 2017 WL 5163231, at *2 (D. Haw. Nov. 7, 2017) (dismissing state law claims for failure to comply with HRS § 46-72—the plaintiff failed to provide written notice to the county clerk within two years and even if the complaint was sufficient notice, it was served after the expiration of the statute of limitations); *Kaulia v. Cty. of Maui, Dep't of Pub. Works & Waste Mgmt.*, 504 F. Supp. 2d 969, 997–98 (D. Haw. 2007) (deeming time-barred the plaintiff's state law claims because he never provided written notice to the Maui County Clerk).

Because Lerette and Tristan never provided written notice to the county clerk,[10] their state law claims against the County are time barred. Even if the Complaint constituted written notice, Plaintiffs did not obtain an executed waiver of service until May 26, 2020, after the expiration of the two-year statute of limitations. Therefore, the Court DISMISSES Lerette's[11] and Tristan's state law claims—Counts II, III, IV, V, VI, VII, VIII, IX, and XII—against the County.

With respect to B.T.B., who is allegedly a minor, HRS § 657-13(1) tolls his claims against the County. *See Nakamoto*, 2018 WL 2750224, at *6 (footnote omitted). Accordingly, the Motion is DENIED as to B.T.B.'s state law claims against the County.

---

[10] Jon Henricks, Hawaiʻi County Clerk, attests that Plaintiffs did not file any written claims. ECF No. 16-2 ¶ 4.

[11] The Court reiterates that this pertains to Lerette's individual claims, not those asserted on behalf of B.T.B.

CONCLUSION

For the reasons stated herein, the Court GRANTS IN PART AND DENIES IN PART Defendants' Motion to Dismiss.  ECF No. 16.  The following claims are dismissed with prejudice:

(1)  Official capacity claims against Watkins, Isotani, and Takenishi;

(2)  Claims against HPD; and

(3)  Lerette's and Tristan's state law claims—Counts II, III, IV, V, VI, VII, VIII, IX, and XII—against the County.

The following claims remain:

(1)  Federal law claims against the County;

(2)  Individual capacity claims against Watkins, Isotani, and Takenishi; and

(3)  B.T.B.'s state law claims against the County.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaiʻi, September 24, 2020.



Jill A. Otake
United States District Judge

CIVIL NO. 20-00202 JAO-RT; *Lerette v. City and County of Hawaii, et al.*; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS COUNTY OF HAWAIʻI, HAWAIʻI COUNTY POLICE DEPARTMENT, LUKE WATKINS, PAUL T. ISOTANI, AND LANDON TAKENISHI'S MOTION TO DISMISS

12