IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI‘I

| | |
|---|---|
| ERIN LERETTE, individually and as guardian and next friend of minor child, B.T.B.; and TRISTAN T. BURTON,<br><br>         Plaintiffs,<br><br>   vs.<br><br>CITY AND COUNTY OF HAWAI'I; *et. al.*,<br><br>         Defendants. | CIVIL NO. 20-00202 JAO-RT (Other Non-Vehicle Tort)<br><br>MEMORANDUM IN SUPPORT |

**MEMORANDUM IN SUPPORT**

# TABLE OF CONTENTS

I.     INTRODUCTION ........................................................................... 1

II.    STATEMENT OF FACTS ........................................................... 2

III.   LEGAL STANDARD ................................................................. 2

IV.   ARGUMENT.................................................................................. 3

       A.   PLAINTIFFS' DO NOT REPRESENT THE ESTATE OF BURTON AND THE CLAIMS BY THE ESTATE HAVE BEEN DISMISSED 3

       B.   PLAINTIFFS' LOSS OF CONSORTIUM CLAIMS FAIL BECAUSE THEY ARE DERIVATIVE CLAIMS AND THE UNDERLYING CLAIM FAILED ................................... 5

       C.   PLAINTIFFS' DUE PROCESS CLAIMS FAIL……………...……6

       D.   PLAINTIFFS' CLAIMS ARE BARRED BY *RES JUDICATA* AND/OR COLLATERAL ESTOPPEL ............................................... 7

       E.   PLAINTIFFS' STATE LAW CLAIMS FAIL .................................. 12

       F.   PLAINTIFFS' § 1985 CLAIM FAILS ............................................ 14

       G.   PLAINTIFFS' CLAIM BASED UPON ALLEGED INACCURATE POLICE REPORS AND FAILURE TO PROVIDE MEDICAL TREATMENT FAILS ....................................................................... 15

       H.   PLAINTIFFS' SPOILATION OF EVIDENCE CLAIM FAILS ..... 17

       I.   THE PLAINTIFFS' CLAIMS AGAINST THE COUNTY FAILS . 19

V.    CONCLUSION ............................................................................. 20

# TABLE OF AUTHORITIES

<u>CASES</u>

*Abraham v. S.E. Onorato Garages,*
  50 Haw. 628, 639, 446 P.2d 821, 826 (1968) ......................................................14

*Allen v. McCurry,*
  449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980) ..............................11

*Aprin v. Santa Clara Valley Transp. Agency,*
  261 F.3d 912 (9th Cir. 2001).................................................................................13

*Ashcroft v. Iqbal,*
  556 U.S. 662, 678 (2009) ........................................................................................3

*Bell Atlantic Corp. v. Twombly,*
  550 U.S. 544, 570 (2007) ........................................................................................3

*Bingue v. Prunchak,*
  512 F.3d 1169, 1174 (9th Cir.2008)......................................................................16

*Bretz v. Kelman,*
  773 F.2d 1026, 1028 (9th Cir. 1985).....................................................................15

*Carter v. City of Emporia, Kan.,*
  815 F.2d 617, 620 (10th Cir. 1987).......................................................................12

*Castillo v. McFaddan,*
  399 F.3d 993, 1002 n. 5 (9th Cir.2005).................................................................16

*Dairy Rd. Partners v. Island Ins. Co.*, Ltd.,
  92 Hawai‘i 398, 427, 992 P.2d 93 (2000) .............................................................13

*Davis v. United States,*
  No. CIV. 07-00461ACK-LEK, 2009 WL 1455976, (D. Haw. May 26, 2009) .....5

*Delia v. City of Rialto,*
  621 F.3d 1069, 1081–82 (9th Cir. 2010)...............................................................19

*Dworkin v. Hustler Magazine, Inc.,*
867 F.2d 1188, 1192 (9th Cir. 1989)....................................................................3

*Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co.,*
132 F.3d 526, 528 (9th Cir. 1997)........................................................................3

*Estate of Baumann v. Baumann,*
201 Cal.App.3d 927, 935, 247 Cal.Rptr. 532 (1988)..........................................12

*Gausvik v. Perez,*
392 F.3d 1006, 1008 (9th Cir. 2004)......................................................................6

*Great Am. Fed. Sav. & Loan Ass'n v. Novotny,*
442 U.S. 366, 372 (1979) ....................................................................................15

*Jackson v. Hayakawa,*
605 F.2d 1121, 1126 (9th Cir. 1979) ............................................................ 11, 12

*Jarrett v. Twp. of Bensalem,*
312 Fed. Appx. 505, 507 (3d Cir. 2009) ..............................................................16

*J.K.G. v. Cnty. of San Diego,*
No. 11-305, 2011 WL 5218253, (S.D. Cal. Nov. 2, 2011) ..................................16

*Johnson v. Chain,*
967 F.2d 587 (9th Cir. 1992)..................................................................................8

*Jou v. Adalian,*
No. CV 15-00155 JMS-KJM, 2017 WL 2990280, (D. Haw. July 13, 2017)......18

*J.P. ex rel. Balderas v. City of Porterville,*
801 F.Supp.2d 965, 988-89 (E.D. Cal. 2011)........................................................6

*Kamilche v. United States,*
75 F.3d 1391 (9th Cir. 1996)............................................................................9, 10

*Kamilche Co. v. United States,*
53 F.3d 1059, 1062 (9th Cir. 1995)........................................................................9

*Landrigan v. City of Warwick,*
628 F.2d 736, 744-45 (1st Cir. 1980)...................................................................16

iii

*Lee v. City of Los Angeles,*
   250 F.3d 668, 687 (9th Cir. 2001)........................................................16

*Long v. City & County of Honolulu,*
   511 F.3d 901, 908 (9th Cir. 2007).............................................. 13, 20

*Maciel v. Comm'r of Internal Revenue,*
   489 F.3d 1018, 1023 (9th Cir.2007).......................................................9

*Matsuura v. E.I. du Pont de Nemours & Co.,*
   102 Haw. 149, 73 P.3d 687 (2003).......................................................17

*McClain v. Apodaca,*
   793 F.2d 1031, 1034 (9th Cir.1986)....................................................10

*McGlinchy v. Shell Chemical Co.,*
   845 F.2d 802, 810 (9th Cir. 1988).........................................................3

*Medeiros v. City & County of Honolulu,*
   No. CV 11-00221 RLP, 2013 WL 12139152, (D. Haw. Apr. 19, 2013).............16

*Milton H. Greene Archives, Inc. v. Marilyn Monroe LLC,*
   692 F.3d 983, 997 (9th Cir. 2012).......................................................12

*Mist v. Westin Hotels, Inc.,*
   69 Haw. 192, 200, 738 P.2d 85, 91 (1987) ...........................................5

*Monell v. Dep't of Social Services of City of New York,*
   436 U.S. 658, 694 (1977) ...................................................................19

*Otani v. City & Cty. Of Haw.,*
   126 F.Supp.2d 1299, 1308 (D. Haw. 1998) .........................................14

*Porter v. Osborn,*
   546 F.3d 1131, 1137 (9th Cir. 2008).....................................................6

*Ross v. International Brotherhood of Electrical Workers,*
   634 F.2d 453, 457 (9th Cir. 1980).........................................................8

*Schwarz v. Lassen Cty. ex rel. Lassen Cty. Jail,*
   628 F. App'x 527, 528 (9th Cir. 2016) ..................................................6

iv

*Shock v. Tester,*
    405 F.2d 852, 855 (8th Cir. 1969) ........................................................16

*Sidhu v. Flecto Co., Inc.,*
    279 F.3d 896, 900 (9th Cir.2002) ..........................................................8

*Sigman v. Town of Chapel Hill,*
    161 F.3d 782, 789 (4th Cir. 1998) .........................................................13

*Small Business Administration v. Taubman,*
    459 F.2d 991 (9th Cir. 1972) ...............................................................10

*Towse v. State,*
    64 Haw. 624, 636, 647 P.2d 696, 705 (1982) .........................................5

*Trevino v. Gates,*
    99 F.3d 911, 923–24 (9th Cir. 1996) ....................................................12

*United States v. Geophysical Corp. of Alaska,*
    732 F.2d 693, 697 (9th Cir. 1984) .........................................................11

*United States v. ITT Rayonier, Inc.,*
    627 F.2d 996 (9th Cir.1980) .................................................................11

*Ward v. City of San Jose,*
    967 F.2d 280, 284 (9th Cir.1992) ...........................................................6

*Wilkinson v. Torres,*
    610 F.3d 546, 554 (9th Cir. 2010) ..........................................................6

*Wong-Leong v. Hawaiian Indep. Refinery, Inc.,*
    76 Hawai'i 433, 444-45, 879 P.2d 538 (1994) ......................................13

# STATUTES AND RULES

U.S. CODE
    42 U.S.C.A. § 1983 ..................................................................... 13, 19
    42 U.S.C. § 1983 ..............................................................................16
    42 U.S.C. § 1985 ..............................................................................14

RULES
Federal Rules of Civil Procedures
    Rule 12(b)(6) .....................................................................................3
    Rule 12(c) ......................................................................................2, 3

OTHER
    Restatement (Second) of Judgments § 27 cmt.c ....................................9
    Restatement (Second) of Torts § 317 .................................................13

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| ERIN LERETTE, individually and as guardian and next friend of minor child, B.T.B.; and TRISTAN T. BURTON,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF HAWAIʻI; *et. al*.,<br><br>Defendants. | CIVIL NO. 20-00202 JAO-RT (Other Non-Vehicle Tort)<br><br>MEMORANDUM IN SUPPORT |

## MEMORANDUM IN SUPPORT

### I.    INTRODUCTION

This Court has granted summary judgment in the Donna Burton v. City and County of Hawaiʻi matter ("Burton Lawsuit").  *See* Exhibits "B" and "C".  The Estate of Vincent Burton ("Estate") was a party to the Burton Lawsuit.

The Burton Lawsuit raises the same issues as the current lawsuit ("Lerette Lawsuit"). Both relied upon an allegation that excessive force was used on Vincent Burton ("Burton").  However, this conclusion was rejected in the Burton Lawsuit.

The claims by the Plaintiffs in the Lerette Lawsuit are brought by Burton's sister and two children.  Exhibit "A", Plaintiffs' *Complaint*.  These claims are derivative claims which fail because the underlying claim by the Estate failed.

In addition, although the judgment in the Burton Lawsuit was appealed, the appeal has since been dismissed by the Ninth Circuit. *See* Exhibit "E". As such the final judgment in the Burton Lawsuit is controlling to the Lerette Lawsuit for purposes of *res judicata*. As such, the Defendants are entitled to judgment.

## II.    STATEMENT OF FACTS

Plaintiffs allege that on May 3, 2018, Burton and his wife decided to drive around Hawai'i Island. Exhibit "A" at ¶ 22. That night Burton stopped behind a subsidized police vehicle. Exhibit "A" at ¶ 23. Contrary to police officer commands, Burton fled the scene. Exhibit "A" at ¶ 24.

Suspecting Burton was driving under the influence, the SFST test was administered, and Burton was arrested. Exhibit "A" at ¶ 25. Once at the police station, the transporting officer believed Burton was trying to escape and the officer subdued Burton. Exhibit "A" at ¶ 28.

Early in the morning on May 4, 2018, Burton was taken to the Hilo Medical Center. Exhibit "A" at ¶ 29. On May 8, 2018, Burton posted bail and was released. Exhibit "A" at ¶ 34. Three days later, on May 11, 2018, Burton returned to Hilo Medical Center and later died. Exhibit "A" at ¶ 35.

## III.    LEGAL STANDARD

Rule 12(c) of the Federal Rules of Civil Procedure ("FRCP") states, "After the pleadings are closed – but early enough not to delay trial – a party may move

for judgment on the pleadings." The standard governing the Rule (c) motion for judgment on the pleadings is the same as that governing a Rule 12(b)(6) motion to dismiss. *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989); *see also McGlinchy v. Shell Chemical Co*., 845 F.2d 802, 810 (9th Cir. 1988). Accordingly, "[a] judgment on the pleadings is properly granted when, taking all allegations in the pleading as true, the moving party is entitled to judgment as a matter of law." *Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co.,* 132 F.3d 526, 528 (9th Cir. 1997) (citation omitted).

As with a motion to dismiss, a claim may survive a motion for judgment on the pleadings if the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although a court must accept as true all allegations contained in the complaint, this obligation does not extend to legal conclusions. *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement." *Id.*

## IV.  ARGUMENT

### A.  PLAINTIFFS' DO NOT REPRESENT THE ESTATE OF BURTON AND THE CLAIMS BY THE ESTATE HAVE BEEN DISMISSED

3

Plaintiffs are the sister and children of Burton. Exhibit "A" at ¶¶ 11-13. The Estate of Burton is not a party to this case. Exhibit "A". Rather, as noted, the Estate brought its claims in the Burton Lawsuit. Exhibit "B". Therefore, Plaintiffs are unable to bring any claims on behalf of the Estate because they do not represent the Estate.

However, Plaintiffs' entire *Complaint* hinges upon claims which only the Estate can make, including Count I (stating Honolulu Police Department used excessive force causing Burton's injuries), Count II (alleging assault on Burton), Count III (alleging assault and battery against Burton), Count IV (alleging physical and/or emotional injuries to Burton), Count IX (alleging assault and battery of Burton), Count X (alleging excessive force and lack of medical care to Burton), Count XI (alleging lack of medical care and injuries to Burton), Count XII (alleging lack of medical care and use of force on Burton). Exhibit "A" at ¶¶ 51, 56, 61, 67, 84, 92 and 99.

In addition, Count V (negligence), Count VI (gross negligence), Count VII (intentional infliction of emotional distress), Count VIII (negligent infliction of emotional distress) likewise rely upon the claims of the Estate and refer to "wrongful conduct" and seeks a "lifetime of earnings". Exhibit "A" at ¶¶ 71, 74, 79, 82. Therefore, these claims also rely upon the claims of the Estate.

Furthermore, even if Plaintiffs could bring claims on behalf of the Estate, these claims have already been dismissed. Exhibits "C" and "D". This dismissal of the Estate claims is binding in this litigation and mandates the dismissal of all claims in the current matter.

## B. PLAINTIFFS' LOSS OF CONSORTIUM CLAIMS FAIL BECAUSE THEY ARE DERIVATIVE CLAIMS AND THE UNDERLYING CLAIM FAILED

Plaintiffs are making claims for loss of consortium. *See* Exhibit "A" at ¶¶ 54, 59, 64, 68, 71, 74, 9, 82, and 89 (alleging a loss of companionship). It is generally accepted that the action for loss of consortium is a derivative action. *Towse v. State*, 64 Haw. 624, 636, 647 P.2d 696, 705 (1982).

Where the initial claim of injury cannot be maintained, the derivative action of loss of consortium must also fail. *Id.*, *see also Mist v. Westin Hotels, Inc.*, 69 Haw. 192, 200, 738 P.2d 85, 91 (1987) (finding loss of consortium claim failed because underlying claim failed).

In the present case, the underlying claim of the Estate has been dismissed. Exhibit "C" and "D". As a result, the derivative loss of consortium claims also fail and must be dismissed. *See Davis v. United States,* No. CIV. 07-00461ACK-LEK, 2009 WL 1455976, at *32 (D. Haw. May 26, 2009) (dismissing loss of consortium claims because the underlying claim of the estate failed).

## C.    **PLAINTIFFS' DUE PROCESS CLAIMS FAIL**

The Ninth Circuit has recognized a Fourteenth Amendment liberty interest in the companionship and society of family members. *Wilkinson v. Torres*, 610 F.3d 546, 554 (9th Cir. 2010).[1] Only official conduct that "shocks the conscience" is cognizable as a due process violation. *Porter v. Osborn*, 546 F.3d 1131, 1137 (9th Cir. 2008).

These claims are barred because there has already been a finding that the force used was constitutional. "Where a claim for interference with familial relationships is integrally predicated upon, or entwined with, other conduct that is alleged to be unconstitutional, a finding that the other conduct was constitutional generally will preclude recovery for interference with familial relationship." *J.P. ex rel. Balderas v. City of Porterville*, 801 F.Supp.2d 965, 988-89 (E.D. Cal. 2011); *see also Schwarz v. Lassen Cty. ex rel. Lassen Cty. Jail*, 628 F. App'x 527, 528 (9th Cir. 2016) ("Recovery for a violation of the right to familial association is generally contingent on the existence of an underlying constitutional violation."); *Gausvik v. Perez*, 392 F.3d 1006, 1008 (9th Cir. 2004) ("Since the claim of familial interference is directly related to all the other constitutional

---

[1]Siblings, such as Plaintiff Erin Lerette, have no liberty interest under the Fourteenth Amendment. *See Ward v. City of San Jose,* 967 F.2d 280, 284 (9th Cir. 1992).  Therefore, her claim is clearly without merit and must be dismissed.

claims ..., the other claims form an integral part of the claim relating to familial interference."). Here, Plaintiffs' claims are predicated upon, or entwined with the allegation of excessive force against Burton. Since this underlying claim failed, so too does Plaintiffs' claims based upon interference with a familial relationship.

### D. PLAINTIFFS' CLAIMS ARE BARRED BY *RES JUDICATA* AND/OR COLLATERAL ESTOPPEL

The Burton Lawsuit was filed on May 4, 2020, against the County and Officers Watkins, Isotani, and Takenishi.[2] See Exhibit "B". Those claims were based upon an incident which allegedly occurred on May 4, 2018, involving Burton and the police. Exhibit "B" at ¶¶ 19-97.

The Burton Lawsuit alleged fifteen causes of action including: Wrongful Death, violations of the Fourth, Fifth and Fourteenth Amendments, Assault and Battery, Excessive Force, Intentional Infliction of Emotional Distress ("IIED"), Negligence, Negligent Infliction of Emotional Distress ("NEID"), Gross Negligence, Negligent Training and Supervision, Loss of Love, Support and Consortium, Intentional and Negligent Injury to Bystander, Survivor's Action, Municipal Liability, and *Respondeat Superior*. *See* Exhibit "B".

---

[2]The *Complaint* mistakenly identifies the County as "City and County of Hawaii". *See* Exhibit "B".

This Court granted summary judgment on all claims and entered judgment in favor of all Defendants. Exhibits "C" and "D". On May 3, 2020, Plaintiffs filed the current *Complaint* against the same Defendants, the County and Officers Watkins, Isotani, and Takenish.[3]

> *Res judicata* and collateral estoppel apply to bar the claims in this action.
>
> The doctrine of res judicata operates to bar all grounds of recovery which could have been asserted, whether they were or not, in a prior suit between the same parties (or their privies) on the same cause of action, if the prior suit concluded in a judgment on the merits rendered by a court of competent jurisdiction…Collateral estoppel or issue preclusion bars a party from relitigating an issue identical to one he has previously litigated to a determination on the merits in another action (citations and quotation marks deleted).

*Johnson v. Chain*, 967 F.2d 587 (9th Cir. 1992) (unpublished opinion) (citing *Ross v. International Brotherhood of Electrical Workers*, 634 F.2d 453, 457 (9th Cir. 1980).

Under both doctrines, federal courts generally require that: (1) the claim or issue decided in the prior adjudication is identical to the claim or issue in the present action; (2) the prior adjudication resulted in a final judgment on the merits; and (3) the party against whom collateral estoppel or *res judicata* is asserted was a party or in privity with a party to the prior adjudication. *See Sidhu v. Flecto Co., Inc.*, 279 F.3d 896, 900 (9th Cir. 2002) (describing *res judicata* requirements);

---

[3]Similar to the Burton Lawsuit, the Plaintiffs mistakenly identified the County as "City and County of Hawaii". *See* Exhibit "A".

*Maciel v. Comm'r of Internal Revenue*, 489 F.3d 1018, 1023 (9th Cir. 2007)

(describing collateral estoppel requirements).

> As to the first factor, whether the claim is identical,
>
> The Restatement identifies four factors to be considered when determining whether the issue in a successive proceeding is identical to an issue previously litigated:
> (1) is there a substantial overlap between the evidence or argument to be advanced in the second proceeding and that advanced in the first?
> (2) does the new evidence or argument involve the application of the same rule of law as that involved in the prior proceeding?
> (3) could pretrial preparation and discovery related to the matter presented in the first action reasonably be expected to have embraced the matter sought to be presented in the second?
> (4) how closely related are the claims involved in the two proceedings?

*Kamilche Co. v. United States*, 53 F.3d 1059, 1062 (9th Cir. 1995), *opinion amended on reh'g sub nom. Kamilche v. United States*, 75 F.3d 1391 (9th Cir. 1996) (citing Restatement (Second) of Judgments § 27 cmt.c).

Application of these principles leads to the conclusion that the issue decided in the Burton Lawsuit and the present case are identical. There is substantial overlap between the two proceedings, the same rule of law is to be applied, discovery would embrace both actions, and the claims in both cases are closely related.

In the Burton Lawsuit, Plaintiffs alleged excessive force was used against Burton and the Plaintiffs' claims hinged upon this theory. Exhibit "B" at ¶¶ 113-114. Likewise, in support of this action, Plaintiffs allege excessive force was used

against Burton.  Exhibit "A" at ¶¶ 51, and 53. Therefore, there can be little doubt

that the claims asserted and decided in the Burton Lawsuit are identical to the

claims asserted in the current case.[4]  *Compare* Exhibit "A" *and* Exhibit "B".

The second requirement, the existence of a final judgment on the merits, is

likewise satisfied.  Exhibits "C" and "D".  Rulings on summary judgment motions

are an adjudication of the merits.  *See Small Business Administration v. Taubman*,

459 F.2d 991 (9th Cir. 1972) (summary judgment is an adjudication on the merits

for purposes of *res judicata*).  As the appeal has since been dismissed the decision

in the Burton Lawsuit remains the final judgment in that case.  *See* Exhibit "E".

The third and final requirement, that the party against whom collateral

estoppel or *res judicata* is asserted was a party or in privity with a party to the prior

adjudication, is likewise satisfied.   It is undisputed that the defendants in each

action are identical.  *See* Exhibits "A" and "B".  Although the plaintiffs are

---

[4]Although the *Complaints* in the Burton Lawsuit and the present case are not
identical, *res judicata* still applies.  "[O]nce an *issue* is raised and determined, it is
the entire *issue* that is precluded, not just the particular arguments raised in support
of it in the first case."  *Kamilche,* 53 F.3d at 1063 (emphasis in original).  A
plaintiff cannot avoid the bar of claim preclusion merely by alleging conduct that
was not alleged in his prior action or by pleading a new legal theory. *McClain v.
Apodaca,* 793 F.2d 1031, 1034 (9th Cir. 1986).

different, there remains a familial relationship among the plaintiffs for both cases, thus this does not preclude the application of *res judicata*.

Once the court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a different cause of action involving a party to the prior case. *United States v. Geophysical Corp. of Alaska,* 732 F.2d 693, 697 (9th Cir. 1984), citing, *Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980).

"Party" need not be defined in a rigid manner in this context. *United States v. Geophysical Corp. of Alaska*, 732 F.2d 693, 697 (9th Cir. 1984); *Jackson v. Hayakawa*, 605 F.2d 1121, 1126 (9th Cir. 1979) (noting courts are no longer bound by rigid definitions of the parties or their privies). A nonparty may be bound if a party is so closely aligned with the nonparty as to be its "virtual representative." *Geophysical Corp. of Alaska*, 732 F.2d at 697; *Jackson*, 605 F.2d at 1126; *see also United States v. ITT Rayonier, Inc.*, 627 F.2d 996 (9th Cir. 1980).

In *Jackson,* students and a former college instructor brought a civil rights action charging that the college president and others had violated their First Amendment rights by having them arrested after a campus rally. The district court held that the *Jackson* plaintiffs were bound by an earlier decision in which a different group of students unsuccessfully challenged arrests arising out of the same incident. Although the plaintiffs in the initial action had never been certified

as a class, the Ninth Circuit affirmed the lower court's decision, holding that the plaintiffs were bound by the doctrine of virtual representation because they were attempting to vindicate the same rights as the plaintiffs in the earlier action. *Jackson*, 605 F.2d at 1126.

In the previous litigation, plaintiffs in the Burton Lawsuit represented the Estate. Plaintiffs in the present case, including Burton's children, would be beneficiaries of his estate. Privity lies between the administrator of an estate and the beneficiaries of that estate. *Milton H. Greene Archives, Inc. v. Marilyn Monroe LLC*, 692 F.3d 983, 997 (9th Cir. 2012); *Estate of Baumann v. Baumann,* 201 Cal.App.3d 927, 935, 247 Cal.Rptr. 532 (Ct. App. 1988) (judgment involving estate was binding on children); *Carter v. City of Emporia, Kan.*, 815 F.2d 617, 620 (10th Cir. 1987) (administrator is in privity with heirs or beneficiaries of estate). However, regardless of beneficiary status, if the interests litigated previously are sufficiently similar, claims brought by another family member are precluded. *Trevino v. Gates*, 99 F.3d 911, 923–24 (9th Cir. 1996) (plaintiff bound by previous decision in matter brought by grandmother).

### E. PLAINTIFFS' STATE LAW CLAIMS FAIL

Plaintiffs have pled numerous state law causes of action, including negligent training/supervision, assault and battery, wrongful death, negligence, gross negligence, infliction of emotional distress, negligent infliction of emotional

distress and vicarious liability. Exhibit "A" at ¶¶ 13-19. These claims fail because they require the force used to be excessive.

However, this Court found the force used against Burton was objectively reasonable. Exhibit "C" at 28. Courts have consistently held that when the force used is reasonable, such force cannot be the basis for state tort claims. In *Aprin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912 (9th Cir. 2001), the plaintiff brought claims for excessive force under 42 U.S.C.A. § 1983 and assault and battery under California law. The Ninth Circuit upheld the dismissal of the state law claims because the force used was reasonable. *Id.* at 922; *See also, Sigman v. Town of Chapel Hill*, 161 F.3d 782, 789 (4th Cir. 1998) (holding since actions reasonable they were not negligent); *Long v. City & County of Honolulu*, 511 F.3d 901, 908 (9th Cir. 2007) (dismissing IIED claim because force used was reasonable).

In addition, Plaintiffs' claim for negligent training and/or supervision fails because such claims require the employee to be acting outside of the scope of his employment. *Dairy Rd. Partners v. Island Ins. Co.*, Ltd., 92 Hawai'i 398, 427, 992 P.2d 93 (2000); *see also Wong-Leong v. Hawaiian Indep. Refinery, Inc.*, 76 Hawai'i 433, 444-45, 879 P.2d 538 (1994) (adopting the test for negligent supervision set forth in the Restatement (Second) of Torts § 317, requiring that the employee be acting outside the scope of his employment). However, Plaintiffs'

complaint alleges the officers were acting within the course of employment. Exhibit "A" at ¶¶ 16-18.

Nor is there any evidence that the officers required a greater degree of control or supervision, and that the County was aware of it. *See Otani v. City & Cty. Of Haw.*, 126 F.Supp.2d 1299, 1308 (D. Haw. 1998) ("Under Hawaii law, before a plaintiff can establish a claim for negligent training and/or supervision, the plaintiff must establish that the employer knew or should have known of the necessity and opportunity for exercising such control. . . . If an employer has not been put on notice of the necessity for exercising a greater degree of control or supervision over a particular employee, the employer cannot be held liable as a matter of law.") (citing *Abraham v. S.E. Onorato Garages*, 50 Haw. 628, 639, 446 P.2d 821, 826 (1968)). The *Complaint* fails to identify any specific training program, a deficiency in the program, or any facts describing how the deficiency is related to the injuries alleged. Nor does it set forth facts identifying how the County failed in its supervisory responsibilities.

## F.   PLAINTIFFS' § 1985 CLAIM FAILS

Plaintiffs' Count X alleges a cause of action under 42 U.S.C. § 1985. Exhibit "A" at ¶¶ 90-93. Section 1985, entitled "Conspiracy to interfere with civil rights" addresses three specific circumstances: 1) preventing an officer form performing duties, 2) obstructing justice, intimidating party, witness or juror and 3)

depriving persons of rights or privileges. None of these circumstances exist in the present case and none are plead.

Section 3, which Plaintiffs will likely attempt to argue is applicable, clearly does not apply since it is expressly limited to actions intended to deny equal protection or interfere with federal elections. *Bretz v. Kelman*, 773 F.2d 1026, 1028 (9th Cir. 1985). Plaintiffs' *Complaint* fails to allege the Defendants intended to deny equal protection or that Burton was treated any differently than any other individual because he was a member of a protected class. Exhibit "A". Therefore, Plaintiffs' § 1985 claim fails.[5]

## G.   PLAINTIFFS' CLAIM BASED UPON ALLEGED INACCURATE POLICE REPORTS AND FAILURE TO PROVIDE MEDICAL TREATMENT FAILS

Plaintiffs' Count XI alleges the violation of the Fifth and Fourteenth Amendments by allegedly failing to complete accurate police reports and failing to provide "prompt medical treatment" to Burton. Exhibit "A" at ¶ 95.

First, Plaintiffs' claim based upon the Fifth Amendment fails at the outset. The Fifth Amendment does not apply to actions by local police officers or municipalities. "[T]he Fifth Amendment's due process clause only applies to the

---

[5]Plaintiffs' § 1985 also fails because it provides no substantive rights itself. *Great Am. Fed. Sav. & Loan Ass'n v. Novotny,* 442 U.S. 366, 372 (1979)

federal government," not state or local law enforcement officials. *Bingue v. Prunchak,* 512 F.3d 1169, 1174 (9th Cir. 2008); *Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001); *Castillo v. McFaddan,* 399 F.3d 993, 1002 n. 5 (9th Cir. 2005).

Secondly, numerous courts have held that there is no constitutional right to an accurate police report. *Medeiros v. City & County of Honolulu,* No. CV 11-00221 RLP, 2013 WL 12139152, at *6–7 (D. Haw. Apr. 19, 2013); *Landrigan v. City of Warwick*, 628 F.2d 736, 744-45 (1st Cir. 1980); *Shock v. Tester*, 405 F.2d 852, 855 (8th Cir. 1969); *Jarrett v. Twp. of Bensalem*, 312 Fed. Appx. 505, 507 (3d Cir. 2009).

These cases make clear that a false police report by itself is insufficient to state a claim; rather, there must be some constitutional deprivation that flows from the report. *See, e.g., Landrigan*, 628 F.2d at 745 ("the mere filing of false police reports, by themselves and without more, did not create an action in damages under 42 U.S.C. § 1983"); *J.K.G. v. Cnty. of San Diego*, No. 11-305, 2011 WL 5218253, at *5-6 (S.D. Cal. Nov. 2, 2011) (holding that the filing of a false police report, even where it resulted in civil charges being filed, did not constitute a civil rights violation where charges were subsequently dismissed).

Here, Plaintiffs have failed to show that Burton was deprived of a constitutional right. Even though Burton was arrested, Plaintiffs' *Complaint*

16

admits that Burton drove away, in contravention of officer commands, and arrested after the SFST tests was administered. Exhibit "A" at ¶¶ 24-25. Therefore, probable cause clearly existed to arrest him, regardless of the accuracy of the police reports.[6]

As to Plaintiffs' claim that Burton did not receive timely medical treatment, this claim is not supported by the facts outlined in Plaintiffs' *Complaint*. The incident with the police occurred on the evening of May 3, 2018. Exhibit "A" at ¶ 22. The police took Burton to the hospital in the early morning hours on May 4, 2018. Exhibit "A" at ¶ 29. Medical personnel determined Burton's injuries did not warrant admission and he was quickly released and taken to jail. Exhibit "A" at ¶ 32. Therefore, there is no dispute that Burton received prompt treatment.

## H.   **PLAINTIFFS' SPOILATION OF EVIDENCE CLAIM FAILS**

Count XII purports to be a cause of action for "spoilation of evidence". Exhibit "A" at ¶¶ 98-101. This claim fails for several reasons.

First, Hawaiʻi has not recognized a cause of action for "spoilation of evidence". As Judge Seabright noted:

> [I]t is unclear whether a cause of action for Spoilation exists under Hawaii law. No Hawaii case has adopted the tort, and *Matsuura v. E.I. du Pont de Nemours & Co.*, 102 Haw. 149, 73 P.3d 687 (2003), explicitly found it unnecessary to decide whether such a tort exists in Hawaii common law. *Id.* at 168, 73 P.3d at 706.

---

[6]These claims also fail because they represent claims on behalf of the Estate and Plaintiffs do not represent the Estate.

*Jou v. Adalian*, No. CV 15-00155 JMS-KJM, 2017 WL 2990280, at \*3 (D. Haw. July 13, 2017).

However, even if a cause of action for spoilation of evidence does exist in Hawaiʻi, Plaintiffs are unable to satisfy the required elements. The few jurisdictions that recognize this cause of action require a showing of the following: (1) the existence of a potential lawsuit; (2) the defendant's knowledge of the potential lawsuit; (3) the intentional destruction of evidence designed to disrupt or defeat the potential lawsuit; (4) disruption of the potential lawsuit; (5) a causal relationship between the act of spoliation and the inability to prove the lawsuit; and (6) damages. *Id.*

Plaintiffs merely allege, without any support, that the Officers failed to submit accurate reports and provide Burton with prompt medical treatment.[7] Exhibit "A" at ¶¶ 99-100. These events took place well before Defendants would have been on notice of a potential lawsuit. Therefore, elements one and two are clearly not met.

The remaining elements are also not satisfied. Plaintiffs have failed to identify any evidence that has been destroyed, how the destruction disrupted the

---

[7]As noted, Plaintiffs' *Complaint* demonstrates there was no delay in Burton receiving medical treatment. *See* Exhibit "A" at ¶ 29.

lawsuit, as well as causation and damages. Inaccurate police reports and an alleged delay in treatment do not constitute destruction of evidence.

Even assuming that the Officers' reports were not accurate, Plaintiffs had the opportunity to conduct discovery, including depositions. Therefore, Plaintiffs had access to this information and it was not destroyed and Plaintiffs were clearly not prejudiced.[8] Therefore, Plaintiffs' claim of spoilation of evidence fails.

## I.     THE PLAINTIFFS' CLAIMS AGAINST THE COUNTY FAIL

Plaintiffs' *Complaint* is devoid of any allegations which support a *Monell* claim. *See* Ex "A" at ¶¶ 50-54. 171-175. A municipality cannot be held liable under §1983 on a theory of *respondeat superior*. *Monell v. Dep't of Social Services of City of New York,* 436 U.S. 658, 694 (1977). Rather, a municipality is only liable when execution of its policy or custom inflicts the injury. *Id.*

In order to impose liability under §1983 on a municipality, Plaintiffs must establish one of three conditions: 1) an expressly adopted official policy; or 2) a longstanding practice or custom; or 3) action by a "final policymaker". *Delia v. City of Rialto,* 621 F.3d 1069, 1081–82 (9th Cir. 2010). None of these exist in this case.

Importantly, if "no constitutional violation occurred, the municipality cannot be held liable and whether the departmental regulations might have authorized the

---

[8]Plaintiffs chose not to take any depositions in this case.

use of constitutionally excessive force is quite beside the point." *Long v. City & County of Honolulu*, 511 F.3d 901, 907 (9th Cir. 2007) (citation and quotation marks omitted). Based upon the prior ruling by this Court, there was no constitutional violation and therefore the County cannot be held liable.

## V.    <u>CONCLUSION</u>

This Court has already found the force used on Burton was objectively reasonable. That decision is binding not only in the Burton Lawsuit, but in the Lerette Lawsuit. Plaintiffs' claims are merely derivative claims which cannot survive. In addition, *res judicata* precludes this case from continuing. Therefore, the Defendants are entitled to judgment as a matter of law.

DATED: Kailua-Kona, Hawai'i, February xx, 2023.

/s/ Mark D. Disher
MARK D. DISHER
Deputy Corporation Counsel
Attorney for Defendants