LAW OFFICES OF MYLES S. BREINER

MYLES S. BREINER                              4364
1003 Bishop Street, Suite 2150
Honolulu, Hawaii 96813
Tel. No. (808) 526-3426
Facsimile No. (808) 521-7680
*myles@breinerlaw.net*

REVERE & ASSOCIATES
A Limited Liability Law Company

TERRANCE M. REVERE                            5857
CLARISSE M. KOBASHIGAWA                       9314
PAUL V.K. SMITH                               5891
Pali Palms Plaza
970 N. Kalaheo Ave., Suite A301
Kailua, Hawaii 96734
Tel. No. (808) 791-9550
Facsimile No. (808) 791-9551
*terry@revereandassociates.com*
*clarisse@revereandassociates.com*
*paul@revereandassociates.com*

Attorneys for Plaintiffs
ERIN LERETTE, individually and as
guardian and next friend of minor child,
B.T.B.; and TRISTAN T. BURTON

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ERIN LERETTE, individually and as guardian and next friend of minor child, B.T.B.; and TRISTAN T. BURTON, | ) Civil No.: _____<br>) (Other Non-Vehicle Tort)<br>)<br>) **COMPLAINT; DEMAND FOR**<br>) **JURY TRIAL; SUMMONS**<br>) |
| Plaintiffs, | ) |
| _____ | ) |

**EXHIBIT A**

vs.                                              )
                                                 )
CITY AND COUNTY OF HAWAII;                        )
HAWAII COUNTY POLICE                              )
DEPARTMENT; LUKE WATKINS,                         )
individually and in his official capacity;       )
PAUL T. ISOTANI, individually and                )
in his official capacity; LANDON                 )
TAKENISHI, individually and in his               )
official capacity; DOE DEFENDANTS                 )
1-10; DOE PARTNERSHIPS 1-10;                      )
and DOE CORPORATIONS 1-10                         )
                                                 )
          Defendants.                            )
_____          )

## COMPLAINT

Plaintiffs, ERIN LERETTE, individually and as guardian and next friend of

minor child, B.T.B., and TRISTAN T. BURTON, by and through their

undersigned attorneys, hereby complain and allege as follows:

## I.   JURISDICTION AND VENUE

1.   All parties resided or were duly incorporated in the State of Hawaii at

the time of the alleged incident.

2.   Plaintiff TRISTAN T. BURTON is a resident of Harris County, State

of Texas.

3.   Plaintiff ERIN LERETTE, individually and as guardian of minor

child, B.T.B., is a resident of Atascosa County, State of Texas.

4.   The situs of the tortious acts is Wailana Street, Honokaa, Hawaii and

2

the Hamakua Police Station located in Honokaa, Hawaii.

5.     Plaintiffs' claims for relief are proper under 28 U.S.C. § 1331 (civil actions arising under laws of the United States), and the United States District Court has original subject matter jurisdiction over this matter against the State of Hawaii.

6.     Plaintiffs' claims for relief are appropriate under 42 U.S.C. § 1983 (color of law), and subject matter jurisdiction is proper in the United States District Court for the District of Hawaii.

7.     Plaintiffs' ancillary claims are within the appropriate jurisdiction for the United States District Court for the District of Hawaii.

8.     Upon information and belief, Defendants LUKE WATKINS, PAUL T. ISOTNAI, and LANDON TAKENISHI, were, at all times during the alleged incident, employed by the State of Hawaii (hereinafter referred to as "State") as police officers for the Hawaii County Police Department.

9.     Upon information and belief, Defendants LUKE WATKINS, PAUL T. ISOTNAI, and LANDON TAKENISHI, were, at all times during the alleged incident, resident of the State of Hawaii.

## II.    **THE PARTIES**

10.    Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 9 as though fully alleged herein.

3

11.     Plaintiff TRISTAN T. BURTON was a resident of Hawaii County, State of Hawaii, and the surviving son of VINCENT T. BURTON, deceased (hereinafter referred to as "VINCENT T. BURTON", "BURTON" or "DECEDENT").

12.     Plaintiff B.T.B. was a resident of Hawaii County, State of Hawaii, and the surviving minor son of VINCENT T. BURTON.

13.     Plaintiff ERIN LERETTE (hereinafter referred to as "Plaintiff Lerette"), individually and as guardian and next friend of minor child, B.T.B, was and/or is a resident of the Atascosa County, State of Texas, and the surviving sister of VINCENT T. BURTON.

14.     Defendant CITY AND COUNTY OF HAWAII, (hereinafter referred to as "City") is, and was at all times relevant herein, the municipal corporation organized under the laws of the State of Hawaii and is, and was at all times relevant herein, liable for the acts and/or omissions of the Hawaii County Police Department and its administrators, Chief of Police, Police Officers, administrators, and employees.

15.     Defendant HAWAII COUNTY POLICE DEPARTMENT (hereinafter referred to as "HPD") is, and was at all times relevant herein, the principal law enforcement agency of the City and County of Hawaii, Hawaii, headquartered in Hilo, Hawaii.

4

16.     Defendant LUKE WATKINS, (hereinafter referred to as "Defendant Watkins"), was, at all times relevant to this Complaint, an officer with the HPD, and an agent, servant and employee of the City, acting under the color of state law with the permission and consent and within the course and scope of said agency and employment. He is being sued in his individual and official capacity.

17.     Defendant PAUL T. ISOTANI, (hereinafter referred to as "Defendant Isotani"), was, at all times relevant to this Complaint, an officer with the HPD, and an agent, servant and employee of the City, acting under the color of state law with the permission and consent and within the course and scope of said agency and employment. He is being sued in his individual and official capacity.

18.     Defendant LANDON TAKENISHI, (hereinafter referred to as "Defendant Takenishi"), was, at all times relevant to this Complaint, an officer with the HPD, and an agent, servant and employee of the City, acting under the color of state law with the permission and consent and within the course and scope of said agency and employment. He is being sued in his individual and official capacity.

19.     DOE DEFENDANTS 1-10, DOE PARTNERSHIPS 1-10, and DOE CORPORATIONS 1-10 are sued herein under fictitious names for the reason that their true names, capacities and responsibilities are presently unknown to Plaintiffs, but upon information and belief they are persons, entities, governmental

agencies, and/or partnerships who were in some manner presently unknown to Plaintiffs engaged in the activities alleged herein; and/or are persons who conducted some activity in a negligent, wrongful, and/or willful manner or who failed to fulfill a duty or obligation, which action, conduct, error or omission was the proximate cause of injuries or damages to Plaintiffs; and/or were in some manner related to the previously named Defendants engaged in the activities alleged herein.  Plaintiffs will seek leave to amend this Complaint when the true names and capacities of the Doe Defendants have been ascertained.

## III.    **FACTUAL ALLEGATIONS**

20.    Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 19 as though fully alleged herein.

21.    This is a wrongful death suit against the defendants who were negligent, grossly negligent, and/or willful and wanton in the way they arrested Decedent Burton, in a warrantless arrest, for misdemeanor charges and in the process caused his death.

22.    On the evening of May 3, 2018, Vincent T. Burton and his wife, Donna, was driving around Hawaii Island in his 1989 Ford F-350 truck.

23.    Vincent T. Burton pulled over behind an on duty subsidized police vehicle expecting the police officer to be a friend named Lani Merrick, a police officer from the Kohala area.

24.    However, the person in the police vehicle was Defendant Landon Takenishi.  Defendant Takenishi got out of his vehicle to talk to Vincent T. Burton, at which point, Burton drove his truck away from the scene, against Defendant Takenishi's commands.

25.    Vincent T. Burton drove to a gas station in Honokaa to get gas, and approximately 3 to 4 police officers came up to talk to him.  Among the officers that arrived were Defendant Luke Watkins and Defendant Paul T. Isotani.  After the SFST test was administered in front of the truck, Burton was handcuffed with his hands behind his back.

26.    According to Donna, one of the officers attacked Vincent T. Burton first, after he was handcuffed, and then Defendant Watkins also joined in on the beating.  Burton ended up on the ground.  After Burton shouted for Donna to record the situation, the Defendants stopped their assaults and took Burton away.

27.    One of the Defendants commanded Donna to get out of the truck and walk, with the 2 dogs that were in the car, to the church nearby.  The Defendants had Vincent T. Burton's truck towed by Ken's Towing Service.

28.    Vincent T. Burton was taken into custody and was transported to the Hamakua Police Station.  When the transport vehicle arrived at the station, as Burton shifted his body in an attempt to get out of the vehicle, Defendant Watkins interpreted Burton's actions as him trying to escape and Defendant Watkins threw

7

Burton onto the grown in order to subdue an already handcuffed man.

29.     Early morning of May 4, 2018, Vincent T. Burton was transferred to Hilo Community Correctional Facility (HCCC) to await trial.  During the transfer, Burton overheard one of the officers comment that "[they] better take him to the Hilo Hospital so [they] don't get blamed [for the injuries]."  Before Burton was taken to HCCC, the police officers from the Hilo station took him to the Hilo Medical Center (HMC).

30.     During Vincent T. Burton's entire encounter at HMC, police officers were right beside him, including but not limited to physical examinations and prognosis.

31.     The HMC later called and left a message on Donna's phone stating that "[Plaintiff Burton had] broken ribs and a concussion."

32.     Vincent T. Burton was discharged into the custody of the Hilo police officers and was transported to HCCC.  Burton was kept in a holding cell for approximately four (4) days, in a place without a bathroom or a bed.  Vincent T. Burton slept on the floor.

33.     On May 8, 2018, Vincent T. Burton was transport to and from the courthouse in Waimea for his preliminary hearing regarding his charge of escaping custody, which was dismissed.

34.     Evening of May 8, 2018, Plaintiff Lerette, Vincent T. Burton's

biological sister, bailed him out of custody using Freedom Bail Bonds.

35.    Within forty-eight (48) hours of Vincent T. Burton's release from custody, he vomited blood and was taken to the HMC Emergency Department by EMS.  Burton was admitted into HMC from May 11, 2018 until May 20, 2018 when he died.

36.    Donna was not allowed to ride in the ambulance with Vincent T. Burton and had to take an Uber to HMC.  By the time Donna arrived, Vincent T. Burton was already sedated.  Burton was intubated and placed on a ventilator, by the ER physician, Anna Cedar, MD (Dr. Cedar), due to severe respiratory distress.

37.    Upon the physical examination at or around 7:57 am, a large, 30 x 10 cm, hematoma was discovered on the left flank, very tender to palpation. Additionally, a photograph of Vincent T. Burton's hematoma while he was in the hospital showed four (4) small round indentations in the middle of the hematoma, which is believed to be the result of Burton being tasered twice.

38.    Dr. Cedar ordered chest x-ray, CT scan for the chest with contrast and CT scan for the abdomen and pelvis with contrast.  The impression from the chest x-ray showed "new bilateral pleural effusions, moderate on the left and small on the right."  The CT scan of the chest with contrast showed impression of: (1) left posterior seventh and eighth and ninth rib fractures, and (2) left greater than right loculated pleural effusions with adjacent compressive atelectasis/consolidation.

The CT scan of the abdomen and pelvis with contrast had the following impressions: (1) marked distention of the stomach.  Cannot exclude gastric outlet obstruction or gastroparesis, and (2) acute fractures of the left eighth and ninth ribs.

39.    Vincent T. Burton was diagnosed with lactic acidosis, acute respiratory failure with hypoxia, acute blood loss anemia, bilateral pleural effusion, thrombocytopenia, upper gastrointestinal bleed, and acute renal failure.

40.    On or around May 14, 2018, Curtis Lee, MD (Dr. Lee) notated generalized anasarca. On or around May 16, 2018, generalized jaundice was also noted.

41.    Vincent T. Burton received hemodialysis on May 17, May 18, and May 19, 2018.

42.    On or about May 19, 2018 to May 20, 2018, overnight, Vincent T. Burton needed maximum dosages of Levophed and Dopamine with no signs of improvement for his BP and MAP.  His LFTs and Creatinine got worse.  Burton was also exhibiting signs of coagulopathy.  Plaintiffs opted for terminal extubation. Burton was extubated and expired at 9:50 am.  The immediate cause of death recorded in the Death Summary Report from HMC was multiorgan failure from MSSA sepsis.

43.    The City Medical Examiner ruled the manner of death was homicide.

44.    The City Medical Examiner determined the cause of Vincent T.

Burton's death was: (a) sepsis and multiorgan failure, and (b) subacute rib fractures.

45.    Defendants Watkins, Isotani, Takenishi and HPD knew the events in question regarding the use of force, the beating of decedent while hand-cuffed and defenseless, and other acts of excessive force and failure to render aid, would likely result in a civil action or proceeding and therefore did alter, fabricate, or deliberately omit important facts of what occurred to create the false impression they did not beat and employ excessive force on the person of the decedent, including beating him while handcuffed and failing to timely render aid and/or treatment.

46.    The falsification, tampering, impeding of the investigation by Defendants in order to omit, alter, change or mislead in official reports and statements about the truth of the excessive force employed upon the decedent, while handcuffed and defenseless, were done by defendants Watkins, Isotani, Takenishi and HPD in order to defeat or disrupt a potential lawsuit or other civil action or investigation.

47.    As a result of tampering with and/or falsifying the investigation and reports of the harm sustained by decedent at the hands of the defendants, the investigation and civil action has been significantly impaired as a result of the inaccurate facts, omissions, police reports, and coverup by defendants.

48.     To date HPD has not provided plaintiffs with the truth of the circumstances of the use of force and obtaining treatment of injuries in a timely manner surrounding the harm sustained to decedent while in defendants' custody.

49.     Defendants had a duty to preserve material evidence and to faithfully and truthfully describe the events including the circumstances and amount of force used upon the decedent and whether decedent was handcuffed at the time he was beaten at the hands of the defendants, which the defendants have breached and falsified.

## IV.   **CAUSES OF ACTION**

### **COUNT I**
### **42 U.S.C. § 1983 (Color of Law)**

50.     Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 49 as though fully alleged herein.

51.     Plaintiffs are informed, believe and do thereupon allege that the Defendants acted and/or purported to act herein in their official capacities within the scope of their employment under color of statutes, regulations, customs, practices, and/or usages of the State of Hawaii, the City and County of Honolulu, and/or the Honolulu Police Department when they used unnecessary and excessive force resulting in Vincent T. Burton's injuries.

52.     The policy of condoning, ratifying, and/or failing to punish or prevent: (a) the excessive and/or unnecessary use of force and/or (b) exposing arrestees to

conditions that amount to severe punishment by Honolulu Police Officers are constitutionally deficient customs, policies, practices, and/or usages that repudiate the constitutional rights between the customs, policies, practices, and/or usages and these constitutional deprivations.

53.     Plaintiffs are informed, believe and thereupon allege that by the aforementioned acts and/or omissions, Defendants used excessive and/or unnecessary force even after Vincent T. Burton was already handcuffed and was on the ground, causing Vincent T. Burton's severe injuries leading to his death.

54.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs have sustained substantial damages, including, but not limited to, loss of life, loss of a lifetime of earnings, loss of companionship, loss of companionship, love, affection, comfort, and support, loss of a lifetime of expected support, economic loss, medical bills, funeral expenses, and out-of-pocket expenses, and are therefore entitled to recover special, general, and compensatory damages in such amounts as shall be shown at a trial or hearing hereof.

## COUNT II
## Negligent Training/Supervision

55.     Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 54 as though fully alleged herein.

56.     Plaintiffs are informed, believe and thereupon allege that City and/or HPD negligently failed and refused to properly adopt and enforce policies, train,

supervise, and/or discipline the Defendants when they acted outside of the scope of their employment to improperly and illegally assault Vincent causing the aforementioned severe injuries.

57.     City and/or HPD owed a duty to Plaintiffs to, among other things, train its employees, agents, representatives, and/or servants, including Defendants, on the proper police procedures and practices.

58.     City and/or HPD breached its duty, thus caused damages to Plaintiffs.

59.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs have sustained substantial damages, including, but not limited to, loss of life, loss of a lifetime of earnings, loss of companionship, loss of companionship, love, affection, comfort, and support, loss of a lifetime of expected support, economic loss, medical bills, funeral expenses, and out-of-pocket expenses, and are therefore entitled to recover special, general, and compensatory damages in such amounts as shall be shown at a trial or hearing hereof.

## COUNT III
## Assault and Battery

60.     Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 59 as though fully alleged herein.

61.     Defendants' unlawful and tortuous conduct toward Vincent T. Burton constituted unwelcome, unpermitted, unwarranted, and offensive contact or apprehension thereof that caused Vincent T. Burton pain, suffering, and death.

14

62.     Defendants acted herein knowingly, intentionally, willfully, and/or recklessly, with deliberate indifference for the rights, interests, and/or well-being of Plaintiffs.

63.     Defendants acted herein within the course and scope of their employment for City and HPD.

64.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs have sustained substantial damages, including, but not limited to, loss of life, loss of a lifetime of earnings, loss of companionship, loss of companionship, love, affection, comfort, and support, loss of a lifetime of expected support, economic loss, medical bills, funeral expenses, and out-of-pocket expenses, and are therefore entitled to recover special, general, and compensatory damages in such amounts as shall be shown at a trial or hearing hereof.

## COUNT IV
## Wrongful Death

65.     Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 64 as though fully alleged herein.

66.     Defendants' tortious conduct caused Plaintiff Burton's death.

67.     Defendants' actions were extremely outrageous and were done with malice and with the intent to cause or the knowledge that said touching and/or fear of touching would cause physical and/or emotional injuries to Vincent.

68.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs have sustained substantial damages, including, but not limited to, loss of life, loss of a lifetime of earnings, loss of companionship, loss of companionship, love, affection, comfort, and support, loss of a lifetime of expected support, economic loss, medical bills, funeral expenses, and out-of-pocket expenses, and are therefore entitled to recover special, general, and compensatory damages in such amounts as shall be shown at a trial or hearing hereof.

## COUNT V
## Negligence

69.     Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 68 as though fully alleged herein.

70.     Defendants' wrongful conduct constitutes negligence.

71.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs have sustained substantial damages, including, but not limited to, loss of life, loss of a lifetime of earnings, loss of companionship, loss of companionship, love, affection, comfort, and support, loss of a lifetime of expected support, economic loss, medical bills, funeral expenses, and out-of-pocket expenses, and are therefore entitled to recover special, general, and compensatory damages in such amounts as shall be shown at a trial or hearing hereof.

**COUNT VI**
**Gross Negligence**

72.     Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 71 as though fully alleged herein.

73.     Defendants' wrongful conduct constitutes gross negligence.

74.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs have sustained substantial damages, including, but not limited to, loss of life, loss of a lifetime of earnings, loss of companionship, loss of companionship, love, affection, comfort, and support, loss of a lifetime of expected support, economic loss, medical bills, funeral expenses, and out-of-pocket expenses, and are therefore entitled to recover special, general, and compensatory damages in such amounts as shall be shown at a trial or hearing hereof.

**COUNT VII**
**Intentional Infliction of Emotional Distress**

75.     Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 74 as though fully alleged herein.

76.     Defendants' wrongful conduct was intentional.

77.     Defendants' wrongful conduct was unreasonable and/or outrageous, committed without just cause or excuse and beyond all bounds of decency.

78.     Defendants knew or should have known that their wrongful conduct was likely to cause injury.

79.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs have sustained substantial damages, including, but not limited to, loss of life, loss of a lifetime of earnings, loss of companionship, loss of companionship, love, affection, comfort, and support, loss of a lifetime of expected support, economic loss, medical bills, funeral expenses, and out-of-pocket expenses, and are therefore entitled to recover special, general, and compensatory damages in such amounts as shall be shown at a trial or hearing hereof.

## COUNT VIII
## Negligent Infliction of Emotional Distress

80.     Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 79 as though fully alleged herein.

81.     Defendants' wrongful conduct caused physical injury and/or mental condition constituting negligent infliction of emotional distress.

82.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs have sustained substantial damages, including, but not limited to, loss of life, loss of a lifetime of earnings, loss of companionship, loss of companionship, love, affection, comfort, and support, loss of a lifetime of expected support, economic loss, medical bills, funeral expenses, and out-of-pocket expenses, and are therefore entitled to recover special, general, and compensatory damages in such amounts as shall be shown at a trial or hearing hereof.

## COUNT IX
## Respondeat Superior and/or Vicarious Liability

83.    Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 82 as though fully alleged herein.

84.    City and/or HPD are liable for all of the acts and/or omissions of their employees, agents, representatives, and/or servants, including, but not limited to Defendants who assaulted and battered Vincent T. Burton, resulting in his death, pursuant to the doctrine of respondeat superior liability and/or vicarious liability.

85.    Defendants acted herein within the course and scope of their employment for City and/or HPD as police officers.

86.    City and/or HPD are therefore liable for all the acts and/or omissions of Defendants under the doctrine of respondeat superior, or is otherwise vicariously liable for their acts and omissions under principal/agent or master/agent or master/servant principles.

87.    Defendants were acting under the actual and/or apparent authority and/or agency of City and/or HPD.

88.    Therefore, City and/or HPD are liable for all acts and/or omissions of Defendants under the theory of apparent authority/agency, or is otherwise vicariously liable for its acts and/or omissions under the theory of apparent authority/agency.

89.    As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs have sustained substantial damages, including, but not limited to, loss of life, loss of a lifetime of earnings, loss of companionship, loss of companionship, love, affection, comfort, and support, loss of a lifetime of expected support, economic loss, medical bills, funeral expenses, and out-of-pocket expenses, and are therefore entitled to recover special, general, and compensatory damages in such amounts as shall be shown at a trial or hearing hereof.

## COUNT X
### Conspiracy to Interfere with Civil Rights – Submission of False Police Reports and Investigation and Coverup in Violation of 42 U.S.C. § 1985

90.    Plaintiffs allege and incorporate by reference paragraphs 1 through 89 above as if fully set forth and made a part hereof.

91.    Defendants had a duty to submit true, accurate and complete police reports and investigation regarding the force used upon the decedent and efforts to provide treatment for injuries to the decedent while in custody.

92.    Defendants knew that the events in question involving the use of force and failure to provide timely medical treatment would likely result in a civil action or other proceeding and did alter or fabricate or deliberately omit important facts contained in their police reports and investigation in order to create the false impression that there was no excessive force and that the treatment provided to decedent was proper and in other ways regarding the harm sustained by decedent

resulting in his injuries and death in order to defeat or disrupt a potential lawsuit or other civil action or investigation.

93.     Defendants discussed or conspired with one another in order to alter, change or mislead in official reports and statements on facts and information about the circumstances leading up to the death of the decedent which has significantly impaired the investigation into the facts of the events leading up to the death of the decedent resulting in a coverup in violation of Plaintiffs, and Vincent T. Burton's/decedent's 14th and 5th amendment right to property, due process, and equal protection of the laws.

**COUNT XI**
**42 U.S.C. § 1983 Submission of False Police Report and Investigation in Violation of Plaintiffs'/Decedent's 5th and 14th Amendment Rights to Property and Due Process**

94.     Plaintiffs allege and incorporate by reference paragraphs 1 through 93 above as if fully set forth and made a part hereof.

95.     Defendants had a duty to submit a true, accurate and complete police report and to disclose information in investigations regarding the circumstances of the use of force on the decedent while in custody and efforts to obtain prompt medical treatment for injuries sustained by the decedent at the hands of the defendants.

96.     Defendants knew that the events in question involving the injuries and failure to obtain timely medical care of the decedent would likely result in a civil

action or proceeding and did alter or fabricate or deliberately omit important facts contained in their police report or investigation in order to create the false impression that there was no excessive force and that the treatment provided to the decedent was proper.

97.    This has resulted in a disruption of the potential lawsuit or investigation which has been significantly impaired as a result of the inaccurate facts, omissions, and coverup in violation of Plaintiffs' 5th and 14th amendment rights to property and due process.

## COUNT XII
## Spoilation of Evidence

98.    Plaintiffs allege and incorporate by reference paragraphs 1 through 97 above as if fully set forth and made a part hereof.

99.    Defendants had a duty to preserve material evidence and submit a true, accurate and complete police report and to disclose truthful information in investigations regarding the circumstances of the use of force on the decedent while in custody and efforts to obtain prompt medical treatment for injuries sustained by the decedent at the hands of the defendants.

100.   Defendants knew that the events in question involving the injuries and failure to obtain timely medical care of the decedent would likely result in a civil action or proceeding and did alter or fabricate or deliberately omit important facts contained in their police report or investigation in order to create the false

impression that there was no excessive force and that the treatment provided to the decedent was proper.

101.   This has resulted in a disruption of the potential lawsuit or investigation, spoliation of evidence, and impairment of the civil-action as a result of the inaccurate facts, omissions, and coverup by Defendants constituting spoliation of evidence.

## V.    **PRAYER FOR DAMAGES**

102.   Plaintiffs request monetary damages, in an amount to be proven at trial.

103.   Plaintiffs request Costs of the Suit and all related expenses.

104.   Plaintiffs request Attorney's fees.

105.   Plaintiffs request that any judgment be assessed jointly and severally to the extent allowed by law.

106.   Plaintiffs request any such further relief as the Court deems appropriate and just.

DATED:  Honolulu, Hawaii, May 3, 2020.

/s/ Terrance M. Revere
MYLES S. BREINER
TERRANCE M. REVERE
CLARISSE M. KOBASHIGAWA
PAUL V.K. SMITH
Attorneys for Plaintiffs

LAW OFFICES OF MYLES S. BREINER

MYLES S. BREINER            4364
1003 Bishop Street, Suite 2150
Honolulu, Hawaii 96813
Tel. No. (808) 526-3426
Facsimile No. (808) 521-7680
*myles@breinerlaw.net*

REVERE & ASSOCIATES
A Limited Liability Law Company

TERRANCE M. REVERE          5857
CLARISSE M. KOBASHIGAWA     9314
PAUL V.K. SMITH             5891
Pali Palms Plaza
970 N. Kalaheo Ave., Suite A301
Kailua, Hawaii 96734
Tel. No. (808) 791-9550
Facsimile No. (808) 791-9551
*terry@revereandassociates.com*
*clarisse@revereandassociates.com*
*paul@revereandassociates.com*

Attorneys for Plaintiffs
ERIN LERETTE, individually and as
guardian and next friend of minor child,
B.T.B.; and TRISTAN T. BURTON

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ERIN LERETTE, individually and as guardian and next friend of minor child, B.T.B.; and TRISTAN T. BURTON, | ) ) ) ) ) ) ) | Civil No.: _____ (Other Non-Vehicle Tort) **DEMAND FOR JURY TRIAL** |
| Plaintiffs, | | |
| _____ | ) | |

vs.                                          )
                                             )
CITY AND COUNTY OF HAWAII;                   )
HAWAII COUNTY POLICE                         )
DEPARTMENT; LUKE WATKINS,                    )
individually and in his official capacity;   )
PAUL T. ISOTANI, individually and            )
in his official capacity; LANDON             )
TAKENISHI, individually and in his           )
official capacity; DOE DEFENDANTS            )
1-10; DOE PARTNERSHIPS 1-10;                 )
and DOE CORPORATIONS 1-10                    )
                                             )
            Defendants.                      )
_____            )

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiffs ERIN LERETTE, individually and as guardian and next friend of

minor child, B.T.B., and TRISTAN T. BURTON, by and though their undersigned

attorneys, hereby demand a trial by jury for all issues so triable herein.

DATED:  Honolulu, Hawaii, May 3, 2020.

/s/ Terrance M. Revere
MYLES S. BREINER
TERRANCE M. REVERE
CLARISSE M. KOBASHIGAWA
PAUL V.K. SMITH
Attorneys for Plaintiffs

2

LAW OFFICES OF MYLES S. BREINER

MYLES S. BREINER                4364
1003 Bishop Street, Suite 2150
Honolulu, Hawaii 96813
Tel. No. (808) 526-3426
Facsimile No. (808) 521-7680
*myles@breinerlaw.net*

REVERE & ASSOCIATES
A Limited Liability Law Company

TERRANCE M. REVERE            5857
CLARISSE M. KOBASHIGAWA       9314
PAUL V.K. SMITH               5891
Pali Palms Plaza
970 N. Kalaheo Ave., Suite A301
Kailua, Hawaii 96734
Tel. No. (808) 791-9550
Facsimile No. (808) 791-9551
*terry@revereandassociates.com*
*clarisse@revereandassociates.com*
*paul@revereandassociates.com*

Attorneys for Plaintiffs
ERIN LERETTE, individually and as
guardian and next friend of minor child,
B.T.B.; and TRISTAN T. BURTON

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ERIN LERETTE, individually and as guardian and next friend of minor child, B.T.B.; and TRISTAN T. BURTON,<br><br>            Plaintiffs, | )  Civil No.: _____<br>)  (Other Non-Vehicle Tort)<br>)<br>)  **SUMMONS**<br>)<br>)<br>) |

vs.                                    )
                                       )
CITY AND COUNTY OF HAWAII;             )
HAWAII COUNTY POLICE                   )
DEPARTMENT; LUKE WATKINS,              )
individually and in his official capacity; )
PAUL T. ISOTANI, individually and      )
in his official capacity; LANDON       )
TAKENISHI, individually and in his     )
official capacity; DOE DEFENDANTS      )
1-10; DOE PARTNERSHIPS 1-10;           )
and DOE CORPORATIONS 1-10              )
                                       )
          Defendants.                  )
_____        )

## SUMMONS

**TO:  The Above Named Defendants:**
**CITY AND COUNTY OF HAWAII;**
**HAWAII COUNTY POLICE DEPARTMENT;**
**LUKE WATKINS;**
**PAUL T. ISOTANI;**
**LANDON TAKENISHI; and**
**DOES DEFENDANTS 1-10.**

YOU ARE HEREBY SUMMONED and required to file with the Court, and

serve upon Plaintiffs' attorneys, whose address is as stated above, an answer to the

"Complaint for Damages," which is attached.  This action must be taken within

twenty (20) days after service of this Summons upon you, exclusive of the day of

service.

If you fail to make your answer within the twenty day time limit, judgment

2

by default will be taken against you for the relief demanded in the Complaint for Damages.

This summons shall not be personally delivered between 10:00 p.m. and 6:00 a.m. on premises not open to the general public, unless a judge of the above-entitled Court permits, in writing on this Summons, personal delivery during those hours.

A failure to obey this summons may result in an entry of default and default judgment against the disobeying person or party.

DATED:  Honolulu, Hawaii, _____.


_____

CLERK OF THE ABOVE-ENTITLED COURT

3