MOANI R. CROWELL & ASSOCIATES, LLLC
MOANIKEʻALA R. CROWELL   9296
735 Bishop Street, Suite 416
Honolulu, Hawaii 96813
Telephone: (808) 744-2111

MICHAEL JAY GREEN & ASSOCIATES
MICHAEL JAY GREEN            4451
Davies Pacific Center
841 Bishop St., Ste. 2201
Honolulu, Hawaii 96813
Tel. No. (808) 521-3336

Attorneys for Plaintiff
DONNA JOYCE BURTON,
individually and as Personal Representative of the
ESTATE OF VINCENT TRAVIS BURTON,
Deceased

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DONNA JOYCE BURTON, individually and as Personal Representative of the ESTATE OF VINCENT TRAVIS BURTON, Deceased.<br><br>        Plaintiffs,<br><br>   v.<br><br>CITY AND COUNTY OF HAWAII; HAWAII COUNTY POLICE DEPARTMENT; LUKE WATKINS, individually and in his capacity as a Police Officer of the Hawaii County Police Department; PAUL T. ISOTANI, individually and in his capacity as a Police Officer of the Hawaii County Police Department; LANDON TAKENISHI, individually and in his capacity as a Police Officer of the Hawaii County Police Department; DOE DEFENDANTS 1-10; DOE PARTNERSHIPS 1-10; and DOE CORPORATIONS 1-10,<br><br>        Defendants. | CIVIL NO. _____<br>(Other Non-Vehicle Tort)<br><br><br>COMPLAINT; DEMAND FOR JURY TRIAL; SUMMONS |

**EXHIBIT B**

## COMPLAINT

Plaintiff, DONNA JOYCE BURTON, individually and as Personal Representative of the ESTATE OF VINCENT TRAVIS BURTON, Deceased, by and through her undersigned attorneys, hereby complain and allege as follows:

## I.   JURISDICTION AND VENUE

This Court has jurisdiction under 28 U.S.C. §§ 1331, 1343 and 1367 and pendant jurisdiction over state claims. Venue is proper pursuant to 28 U.S.C. §1391(b). This action is brought pursuant to the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, as well as 42 U.S.C. §§ 1981, 1983, 1985, and 1988.

1. All parties resided or were duly incorporated in the State of Hawaii at the time of the alleged incident.

2. Plaintiff, DONNA JOYCE BURTON, individually and as Personal Representative of the ESTATE OF VINCENT TRAVIS BURTON, Deceased, is a resident of the City and County of Hawaii, State of Hawaii.

3. The situs of the tortious acts is 45 Mamalahoa Hwy., Honokaa, HI 96727, Wailana Street, Honokaa, HI 96727, and the Hamakua Police Station located in Honokaa, HI 96727.

4. Plaintiffs' claims for relief are proper under 28 U.S.C. § 1331 (civil actions arising under laws of the United States), and the United States District Court

has original subject matter jurisdiction over this matter against the State of Hawaii.

5.    Plaintiffs' claims for relief are appropriate under 42 U.S.C. § 1983 (color of law), and subject matter jurisdiction is proper in the United States District Court for the District of Hawaii.

6.    Plaintiffs' ancillary claims are within the appropriate jurisdiction for the United States District Court for the District of Hawaii.

7.    Upon information and belief, Defendants LUKE WATKINS and PAUL T. ISOTANI, were, at all times during the alleged incident, employed by the State of Hawaii (hereinafter referred to as "State").

8.    Upon information and belief, Defendants LUKE WATKINS and PAUL T. ISOTANI, were, at all times during the alleged incident, residents of the State of Hawaii.

## II.    **THE PARTIES**

9.    PLAINTIFF DONNA JOYCE BURTON (hereinafter referred to as "Plaintiff Donna"), individually and as Personal Representative of the ESTATE OF VINCENT TRAVIS BURTON (hereinafter referred to as "Plaintiff Vincent"), was, at all times relevant to the Complaint, a resident of the City and County of Hawaii, State of Hawaii, and Plaintiff Vincent's spouse.

10.    Defendant LUKE WATKINS, (hereinafter referred to as "Defendant

Watkins"), was, at all times relevant to this Complaint, an officer with the HPD, and an agent, servant and employee of the City, acting under the color of state law with the permission and consent and within the course and scope of said agency and employment, and is being sued in his individual and official capacities.

11. Defendant PAUL T. ISOTANI, (hereinafter referred to as "Defendant Isotani"), was, at all times relevant to this Complaint, an officer with the HPD, and an agent, servant and employee of the City, acting under the color of state law with the permission and consent and within the course and scope of said agency and employment, and is being sued in his individual and official capacities.

12. Defendant LANDON TAKENISHI, (hereinafter referred to as "Defendant Takenishi"), was, at all times relevant to this Complaint, an officer with the HPD, and an agent, servant and employee of the City, acting under the color of state law with the permission and consent and within the course and scope of said agency and employment, and is being sued in his individual and official capacities.

13. Defendant HONAKAA POLICE STATION was, at all times relevant to this complaint, the agency responsible for the oversight of Defendants Watkins, Isotani and Takenishi, and was at all times relevant herein, the minor law

enforcement agency of the Hamakua Division of the City and County of Hawaii, State of Hawaii, headquartered in Honakaa, Hawaii.

14. Defendant HAWAII COUNTY POLICE DEPARTMENT (hereinafter referred to as "HPD" or "the police") is, and was at all times relevant herein, the principal law enforcement agency of the City and County of Hawaii, State of Hawaii, headquartered in Hilo, Hawaii.

15. Defendant CITY AND COUNTY OF HAWAII, (hereinafter referred to as "City") is, and was at all times relevant herein, the municipal corporation organized under the laws of the State of Hawaii and is, and was at all times relevant herein, liable for the acts and/or omissions of the Hawaii County Police Department and its administrators, Chief of Police, Police Officers, administrators, and employees.

16. Defendant State of Hawaii is responsible for the operation and administration of the Honaka'a Police Department, the District of Hamakua, Hilo Police Department, and the Hawaii County Police Department, and is liable for damages with respect to PLAINTIFF VINCENT and PLAINTIFF DONNA's claims herein.

17. The true names, identities or capacities, whether individual or corporate, associate, partnership representative or otherwise of Defendants John Does 1-10, Jane does 1-10, Doe Partnerships 1-10, Doe Corporations 1-10 and Doe

Governmental Agencies 1-10, and their involvement herein are unknown to

PLAINTIFF VINCENT and PLAINTIFF DONNA who therefore sues said

Defendants by such fictitious names, and PLAINTIFF VINCENT and

PLAINTIFF DONNA will seek leave of Court to amend her pleadings to set

forth the true names and capacities of such fictitiously named Defendants

when the same become known to her. PLAINTIFF VINCENT and

PLAINTIFF DONNA is informed and believes, and thereon alleges, that each

of the Defendants designated here by a fictitious name acted in some matter

negligently, intentionally, wantonly, willfully, recklessly, maliciously and

with conscious disregard of the consequences of their acts and is in some

manner responsible and/or strictly liable to PLAINTIFF VINCENT and

PLAINTIFF DONNA for the acts, conduct, omissions and failures as herein

after alleged concerning the events and happenings herein referred to, and that

said acts, conduct, omissions and failures, whether negligent, intentional,

wanton, willful,, reckless, malicious or with conscious disregard of the

consequences of their acts, directly and proximately caused injury and damage

to PLAINTIFF VINCENT and PLAINTIFF DONNA as herein alleged.

18. PLAINTIFF VINCENT and PLAINTIFF DONNA has made diligent and

good faith efforts to ascertain the full name, identity and interest in this action

of Defendants John Does 1-10, Jane does 1-10, Doe Partnerships 1-10, Doe

Corporations 1-10 and Doe Governmental Agencies 1-10 including, but not limited to, investigative efforts to locate witnesses and other persons who may have knowledge of, or contributed to causing this incident, and to identify their roles with respect to the same.

### III.   <u>**FACTUAL ALLEGATIONS**</u>

19.   On or about May 4, 2018, PLAINTIFF VINCENT and PLAINTIFF DONNA were driving a vehicle that they were considering purchasing from a friend.

20.   PLAINTIFF VINCENT pulled over behind an on duty subsidized police vehicle expecting the police officer to be a longtime, former family friend named Lani Merrick, who was a police officer from the Kohala area.

21.   The officer informed PLAINTIFF VINCENT that his friend was retired from the force and ordered him to return to his vehicle.

22.   PLAINTIFF VINCENT did as was ordered and drove away.

23.   When leaving, the Burtons believed that they saw the officer pull his car around to follow them.

24.   The Burtons did not physically see the same officer again until stopping at a Hele Gas Station about 30 minutes after the initial encounter.

25.   While PLAINTIFF DONNA pumped gas, PLAINTIFF VINCENT had gone to use the restroom.

26. The same officer that PLAINTIFF VINCENT had spoken to 30 minutes prior approached PLAINTIFF DONNA and asked for identification.

27. PLAINTIFF DONNA complied and gave the officer her drivers' license, who did not return it back to her.

28. The officer then went inside the gas station building looking for PLAINTIFF VINCENT.

29. While the officer was away, PLAINTIFF VINCENT came back from the restroom, entered into the vehicle, and drove away.

30. PLAINTIFF DONNA stated to PLAINTIFF VINCENT what had occurred.

31. While driving away, the officer ran after the Plaintiffs' car and swung a billy club, colliding with the passenger window of the vehicle creating a loud thud and an impact near breaking force.

32. The officer never told the Burtons to stop their vehicle or cease and desist any further action.

33. PLAINTIFF VINCENT and PLAINTIFF DONNA kept driving and the officer began to follow them.

34. The officer continued following PLAINTIFF VINCENT and PLAINTIFF DONNA for approximately 20 miles to Honaka'a town.

35. Throughout this time, PLAINTIFF VINCENT and PLAINTIFF DONNA never heard a verbal warning to stop their vehicle or to pull over.

36.  It was recognized by PLAINTIFF VINCENT and PLAINTIFF DONNA that the officer was following them as if he intended to eventually stop and detain them but were uncertain due to the lack of verbal warning.

37.  PLAINTIFF VINCENT and PLAINTIFF DONNA, given their uncertainty as to why they were continuing to be followed, attempted to lose the officer that was following them by driving through Honakaa town.

38.  PLAINTIFF VINCENT and PLAINTIFF DONNA turned down Wailana Street, Honokaa, HI, a one-way street, and were cornered at a dead end road by the original following officer's vehicle as well as two new police vehicles and three additional, new officers.

39.  PLAINTIFF VINCENT and PLAINTIFF DONNA stopped their vehicle directly outside of The Church of Jesus Christ of Latter-day Saints located at 45 Mamalahoa Hwy, Honokaa, HI 96727, which became the site of the arrest.

40.  DEFENDANTS WATKINS, ISOTANI and TAKENISHI, and an unnamed fourth officer, upon parking, angled their vehicles creating a wall of sorts, thereby preventing PLAINTIFF VINCENT and PLAINTIFF DONNA's ability to leave the scene of arrest and/or see beyond the police vehicles.

41.  DEFENDANTS WATKINS, ISOTANI and TAKENISHI and the unnamed fourth officer got out of the vehicle and approached PLAINTIFF VINCENT and PLAINTIFF DONNA's vehicle.

42. No verbal instruction, including one to exit the vehicle, was, again, never given to PLAINTIFF VINCENT and PLAINTIFF DONNA, as the officers approached.

43. One of DEFENDANTS WATKINS, ISOTANI, and TAKENISHI along with the unnamed fourth officer opened the car door and PLAINTIFF VINCENT was then forcibly pulled out of the vehicle without a just cause, as PLAINTIFF VINCENT had not refused to comply with the officers as there were no verbal orders issued for PLAINTIFF VINCENT to refuse.

44. One of DEFENDANTS WATKINS, ISOTANI, TAKENISHI and the unnamed fourth officer haphazardly administered standard sobriety tests while PLAINTIFF DONNA stayed in the vehicle.

45. One DEFENDANTS WATKINS, ISOTANI, TAKENISHI and the unnamed fourth officer placed handcuffs on PLAINTIFF VINCENT at this time.

46. DEFENDANTS WATKINS, ISOTANI, TAKENISHI and the unnamed fourth officer said to PLAINTIFF VINCENT that he was being arrested and charged with a DUI, operating a Motor Vehicle with a suspended license, and failure to obtain proper insurance, registration, and a safety check.

47. PLAINTIFF DONNA was asked to exit the vehicle and to stand away from the scene next to a fourth Officer about 50 feet back in front of The Church of Jesus Christ of Latter-day Saints located at 45 Mamalahoa Hwy, Honokaa, HI

96727.

48. There was no explanation for having PLAINTIFF DONNA leave the scene. She was not a threat and was not uncooperative. She was a bystander.

49. DEFENDANTS WATKINS, ISOTANI, TAKENISHI and the unnamed fourth officer would not let PLAINTIFF DONNA stay in the vehicle, despite her holding of a valid driver's license at the time.

50. The unnamed fourth officer waiting with PLAINTIFF DONNA told her that she was drunk and walked away.

51. This assumption was made by the unnamed officer without the administration of any sobriety test or breathalyzer.

52. PLAINTIFF VINCENT was then led behind the angled police vehicles out of view of PLAINTIFF DONNA.

53. Behind these vehicles, DEFENDANTS WATKINS, ISOTANI, and TAKENISHI and the unnamed fourth officer forced PLAINTIFF VINCENT onto the ground while in handcuffs.

54. While on the ground, DEFENDANTS WATKINS, ISOTANI, TAKENISHI and the unnamed fourth officer of Defendant HONOKA'A POLICE STATION committed assault and battery against PLAINTIFF VINCENT by repeatedly kicking and stomping predominantly on his abdominal region with their booted feet.

55. The police vehicles were purposefully angled with the intent to obstruct the view.

56. PLAINTIFF DONNA was within audible range and heard PLAINTIFF VINCENT'S continual groaning and grunts. Due to the deliberate angle of the police vehicles, PLAINTIFF DONNA was prevented from direct view of PLAINTIFF VINCENT.

57. PLAINTIFF DONNA heard the entirety of the assault and battery on PLAINTIFF VINCENT.

58. PLAINTIFF DONNA heard PLAINTIFF VINCENT trying to say something, throughout the assault and battery, but it was not until the end that she clearly heard PLAINTIFF VINCENT utter, "are you getting this filmed on your phone?"

59. As soon as PLAINTIFF VINCENT was able to clearly ask PLAINTIFF DONNA to film what was happening, PLAINTIFF DONNA heard the officers stop what they were doing.

60. PLAINTIFF DONNA heard a car door open and saw PLAINTIFF VINCENT being loaded in a police vehicle.

61. PLAINTIFF DONNA asked the unnamed fourth officer that was previously standing with her "what about me?"

62. PLAINTIFF DONNA was told that by the unnamed officer a tow truck was

coming for the vehicle that was previously being driven by PLAINTIFF
VINCENT.

63. DEFENDANTS WATKINS, ISOTANI and TAKENISHI drove away with
PLAINTIFF VINCENT leaving PLAINTIFF DONNA at the Church of Latter
Day Saints with the unnamed fourth officer.

64. The unnamed fourth officer was present with PLAINTIFF DONNA until the
tow truck arrived.

65. PLAINTIFF DONNA asked again, "what about me?"

66. In response to PLAINTIFF DONNA's concern about her safety and transport
home, she was told by this unnamed fourth officer to "hitchhike or walk back
to Eden Roc," where she and PLAINTIFF VINCENT resided.

67. The unnamed fourth officer then left the scene of the arrest and assault.

68. PLAINTIFF DONNA did not know where she was geographically, and did
not know which direction her home was in.

69. With no vehicle and upon abandonment, PLAINTIFF DONNA slept on the
church steps belonging to the Church of Latter Day Saints.  PLAINTIFF
DONNA was abandoned with their two dogs at the site of PLAINTIFF
VINCENT's assault and battery.

70. The next morning, a layperson saw distraught and fearful PLAINTIFF
DONNA and offered her a ride to Hilo.

71. PLAINTIFF DONNA was taken to the Hilo Courthouse because she knew that PLAINTIFF VINCENT was scheduled to appear in court that morning.

72. PLAINTIFF VINCENT could not be found, so PLAINTIFF DONNA was taken home by the person that gave her a ride to Hilo.

73. PLAINTIFF DONNA was notified that PLAINTIFF VINCENT was in Hilo Hospital through a voicemail on her cell phone that had been left at their home.

74. Such a voicemail stated that "[PLAINTIFF VINCENT had] broken ribs and a concussion."

75. Upon police transport from the Hamakua Station to the Hilo District, on May 4, 2018, PLAINTIFF VINCENT was immediately driven to the Hilo Hospital Emergency Room by two police officers assigned to the Hilo District area.

76. PLAINTIFF VINCENT was diagnosed with a left 10th rib fracture, and Medical Records indicate the fracture to be a result of being pulled from a vehicle and kicked while in police custody.

77. PLAINTIFF VINCENT was discharged back into the custody of the Hilo police officers and was transported to the Hilo County Correctional Center ("HCCC" and/or "Hilo jail") and was pending release upon payment of bail under Case No. 3DCW-18-0001275.

78. PLAINTIFF VINCENT was kept in a holding cell for approximately four (4)

days, in a place without a bathroom or a bed.  PLAINTIFF VINCENT had to

sleep on the floor and required assistance to drink water.

79. PLAINTIFF VINCENT remained in police custody, in a large holding cell

block at Hilo Jail from May 4, 2018 – May 8, 2018.

80. A preliminary hearing was held under Case No. 3DCW-18-0001275 on May

4, 2018.

81. A second preliminary hearing was held under Case No. 3DCW-18-0001275

on May 8, 2018.

82. On the evening of May 8, 2018, Erin Lerette, PLAINTIFF VINCENT's

biological sister, bailed him out of custody using Freedom Bail Bonds.

83. On May 11, 2018, during the early morning hours, PLAINTIFF VINCENT

began profusely vomiting and coughing blood.

84. PLAINTIFF DONNA immediately called 911 for an ambulance.

85. When the ambulance arrived, PLAINTIFF VINCENT was immediately

loaded into the ambulance and transported to Hilo Medical Center.

86. PLAINTIFF DONNA was not permitted to accompany PLAINTIFF

VINCENT in the ambulance during this emergency transport.

87. As PLAINTIFF VINCENT was loaded into the ambulance, PLAINTIFF

DONNA spoke her last words to PLAINTIFF VINCENT.

88. Upon PLAINTIFF VINCENT'S admittance into Hilo Medical Center

("HMC"), a physical examination was completed and a 30 x 10 cm hematoma on the left flank was noted, and was very tender to the touch. From a picture taken of PLAINTIFF VINCENT'S hematoma, there were distinct marks left behind from taser guns, 4 small, round indentations forming a square, suggesting that DEFENDANTS WATKINS, ISOTANI and TAKENISHI had tasered PLAINTIFF VINCENT, twice, at some point during the warrantless arrest, assault, and battery.

89. The following tests were ordered by the physicians: EKG test, x-ray of the chest, CT scan of the chest, CT scan of the abdomen and pelvis, and another chest CT scan after intubation.  PLAINTIFF VINCENT was diagnosed with acute sepsis, acute respiratory failure with hypoxia, bilateral pleural effusion, upper gastrointestinal bleed, acute blood loss anemia, acute kidney injury, thrombocytopenia, and lactic acidosis.

90. On May 11, 2018, PLAINTIFF VINCENT was diagnosed with fractures to the left 7th, 8th and 9th ribs, marked distention of the stomach, sepsis, bilateral pleural effusion, upper gastrointestinal bleeding, hematemesis, hematuria, acute kidney injury, thrombocytopenia, lactic acidosis and acute blood loss.

91. On or around May 14, 2018, the doctors noted that PLAINTIFF VINCENT had generalized anasarca.

92. PLAINTIFF VINCENT had a chest tube inserted on May 15, 2018 to treat

the bilateral pleural effusion.  On May 17, 2018, a procedure to place a

dialysis catheter was performed.  PLAINTIFF VINCENT got hemodialysis

on May 17, May 18, and May 19, 2018.

93.   However, Plaintiff Vincent's kidney condition did not improve, and he was

extubated on May 20, 2018 at 9:50 AM.

94.   PLAINTIFF VINCENT ultimately passed at Hilo Medical Center on May 20,

2018.

95.   Plaintiff Vincent's death certificate, executed by Medical Examiner Lindsey

Harle, specifically cites the manner of death as a Homicide during a physical

altercation with Police, who's actions caused the physical injury of sepsis and

multiorgan failure.

96.   The City Medical Examiner determined the cause of Plaintiff Vincent's death

was: (a) sepsis and multiorgan failure, and (b) subacute rib fractures.

97.   As a direct and proximate result of DEFENDANTS WATKINS, ISOTANI

and TAKENISHI'S actions, and the ensuing mandating agencies of

DEFENDANTS HONAKAA POLICE DEPARTMENT, HAWAII COUNTY

POLICE DEPARTMENT, and STATE OF HAWAII, PLAINTIFF

VINCENT and PLAINTIFF DONNA suffered the deprivation of their

liberties and rights, great mental anguish, emotional distress, anxiety,

embarrassment, humiliation, worry, anger, and other consequential

damages in amounts to be proven at trial.

## IV.    **CAUSES OF ACTION**

### COUNT I
### *Wrongful Death*

98.  PLAINTIFF VINCENT and PLAINTIFF DONNA reallege and incorporate

herein the allegations contained in the preceding paragraphs as though fully

alleged herein.

99.  DEFENDANTS WATKINS, ISOTANI, and TAKENISHI'S tortious

conduct caused PLAINTIFF VINCENT's death.

100.  DEFENDANTS WATKINS, ISOTANI and TAKENISHI'S actions were

extremely outrageous and were done with malice and with the intent to cause

or the knowledge that said touching and/or fear of touching would cause

physical and/or emotional injuries to BURTON.

101.  As a direct and proximate result of DEFENDANTS WATKINS, ISOTANI

and TAKENISHI'S actions, and the ensuing mandating agencies,

PLAINTIFF VINCENT and PLAINTIFF DONNA have sustained

substantial damages, including, but not limited to, loss of life, loss of a

lifetime of earnings, loss of companionship, loss of companionship, love,

and support, loss of a lifetime of expected support, economic loss, medical

bills, funeral expenses, and out-of-pocket expenses, and are therefore

entitled to recover special, general, and punitive (except Defendant City)

damages in such amounts as shall be shown at a trial or hearing hereof.

COUNT II

*42 U.S.C. § 1983 - Violation of the Fourth, Fifth, and*
*Fourteenth Amendments of the United States Constitution and the*
*Hawaii State Constitution*

102. PLAINTIFF VINCENT and PLAINTIFF DONNA reallege and incorporate herein the allegations contained in the preceding paragraphs as though fully alleged herein.

103. DEFENDANTS WATKINS, ISOTANI and TAKENISHI, while acting and/or purporting to act under the color of law, statutes, ordinances, rules, regulations, customs, policies, practices and/or usages of the Honokaa Police Station of the Hamauka District, regulated by the Department of Public Safety and mandated by the County of Hawaii and the State of Hawaii, used excessive and/or unreasonable force upon PLAINTIFF VINCENT without probable cause and/or just or reasonable cause and without reasonable or inferred basis to believe that PLAINTIFF VINCENT was an immediate danger to himself or others.

104. DEFENDANTS WATKINS, ISOTANI and TAKENISHI acted affirmatively, participated in, and/or omitted to perform acts legally required of them in deliberate indifference to the deprivation of PLAINTIFF VINCENT's civil liberties and rights, and acted unnecessarily, wantonly, and/or recklessly with respect to the unjustified

infliction of harm so that it was tantamount to a knowing willingness that such a harm would occur.

105. DEFENDANTS WATKINS, ISOTANI and TAKENISHI violated PLAINTIFF VINCENT'S constitutional rights under the Fourth, Fifth, and Fourteenth Amendments of United States Constitution and 42 U.S.C. § 1983.

106. As a direct and proximate result of DEFENDANTS WATKINS, ISOTANI and TAKENISHI'S actions, and the ensuing mandating agencies, PLAINTIFF VINCENT and PLAINTIFF DONNA are entitled to recover special, general, punitive and/or treble damages in amounts to be proven at trial.

## COUNT III
*Assault and Battery*

107. PLAINTIFF VINCENT and PLAINTIFF DONNA reallege and incorporate herein the allegations contained in the preceding paragraphs as though fully alleged herein.

108. DEFENDANTS WATKINS, ISOTANI and TAKENISHI'S unlawful and tortious conduct toward PLAINTIFF VINCENT included unwelcome, unpermitted, unwarranted, and offensive contact or apprehension thereof, causing him to sustain severe injuries.

109. PLAINTIFF VINCENT did not consent to the offensive contact or apprehension.

110. DEFENDANTS WATKINS, ISOTANI and TAKENISHI wrongful conduct was outrageous and were done with malice and with the intent to cause severe injury and/or death to PLAINTIFF VINCENT.

111. As a direct and proximate result of DEFENDANTS WATKINS, ISOTANI and TAKENISHI'S actions, and the ensuing mandating agencies, PLAINTIFF VINCENT and PLAINTIFF DONNA are entitled to recover special, general, punitive and/or treble damages in amounts to be proven at trial.

<u>COUNT IV</u>
*Excessive Force*

112. PLAINTIFF VINCENT and PLAINTIFF DONNA reallege and incorporate herein the allegations contained in the preceding paragraphs as though fully alleged herein.

113. DEFENDANTS WATKINS, ISOTANI and TAKENISHI, while acting and/or purporting to act under the color of law, statutes, ordinances, rules, regulations, customs, policies, practices and/or usages of the  Honokaa Police Station of the Hamauka District, regulated by the Department of Public Safety and mandated by the County of Hawaii and the State of Hawaii abused their authority and power by amongst other acts, through their continued pursuit of PLAINTIFF VINCENT, aggressively and unannouncedly confronting, arresting, and assaulting PLAINTIFF VINCENT without known

and stated probable cause.

114. DEFENDANTS WATKINS, ISOTANI, and TAKENISHI acted

intentionally, deliberately and/or willfully with respect to excessive

amount of force used during Defendants interactions with PLAINTIFF

VINCENT and PLAINTIFF DONNA so that it was tantamount to a

knowing willingness that such harm would occur as a result of the force

used.

115. As a direct and proximate result of DEFENDANTS WATKINS, ISOTANI,

and TAKENISHI's actions, and the ensuing mandating agencies,

PLAINTIFF VINCENT and PLAINTIFF DONNA are entitled to recover

special, general, punitive and/or treble damages in amounts to be proven at

trial.

<u>COUNT V</u>
*Intentional Infliction of Emotional Distress*

116. PLAINTIFF VINCENT and PLAINTIFF DONNA reallege and incorporate

herein the allegations contained in the preceding paragraphs as though fully

alleged herein.

117. DEFENDANTS WATKINS, ISOTANI, and TAKENISHI's wrongful conduct

was intentional.

118. DEFENDANTS WATKINS, ISOTANI, and TAKENISHI's conduct was

outrageous, beyond bounds of decency, willful and wanton, and/or malicious.

119. DEFENDANTS WATKINS, ISOTANI, and TAKENISHI acted intentionally, deliberately and willfully with respect to the unjustified infliction of mental distress and harm, so that it was tantamount to a knowing willingness that such a harm would occur.

120. As a direct and proximate result of DEFENDANTS WATKINS, ISOTANI and TAKENISHI's actions, and the ensuing mandating agencies, PLAINTIFF VINCENT and PLAINTIFF DONNA are entitled to recover special, general, punitive and/or treble damages in amounts to be proven at trial.

COUNT VI
*Negligence*

121. PLAINTIFF VINCENT and PLAINTIFF DONNA reallege and incorporate herein the allegations contained in the preceding paragraphs as though fully alleged herein.

122. DEFENDANTS WATKINS, ISOTANI and TAKENISHI owed a duty of care to PLAINTIFF VINCENT to perform their duties and responsibilities lawfully, carefully and competently.

123. DEFENDANTS WATKINS, ISOTANI and TAKENISHI acted unnecessarily, wantonly, recklessly and/or omitted to perform acts legally required of them in with deliberate negligence towards the substantial risk

of serious and undue harm to PLAINTIFF VINCENT and/or the deprivation of PLAINTIFF VINCENT's civil liberties and rights.

124. DEFENDANTS WATKINS, ISOTANI and TAKENISHI breached their duty to PLAINTIFF VINCENT.

125. DEFENDANTS WATKINS, ISOTANI and TAKENISHI's breach caused the fatal injuries to PLAINTIFF VINCENT, among various other damages to PLAINTIFF VINCENT and PLAINTIFF DONNA.

126. As a direct and proximate result of DEFENDANTS WATKINS, ISOTANI and TAKENISHI'S actions, and the ensuing mandating agencies, PLAINTIFF VINCENT and PLAINTIFF DONNA are entitled to recover special, general, punitive and/or treble damages in amounts to be proven at trial.

COUNT VII
*Negligent Infliction of Emotional Distress*

127. PLAINTIFF VINCENT and PLAINTIFF DONNA reallege and incorporate herein the allegations contained in the preceding paragraphs as though fully alleged herein.

128. DEFENDANTS WATKINS, ISOTANI and TAKENISHI caused PLAINTIFF VINCENT to suffer serious emotional distress or disturbance.

129. DEFENDANTS WATKINS, ISOTANI and TAKENISHI acted

unnecessarily, wantonly, and/or recklessly with respect to the unjustified infliction of mental distress and harm, so that it was tantamount to a knowing willingness that such a harm would occur.

130. As a direct and proximate result of DEFENDANTS WATKINS, ISOTANI and TAKENISHI'S actions, and the ensuing mandating agencies, PLAINTIFF VINCENT and PLAINTIFF DONNA are entitled to recover special, general, punitive and/or treble damages in amounts to be proven at trial.

## COUNT VIII
### *Gross Negligence*

131. PLAINTIFF VINCENT and PLAINTIFF DONNA reallege and incorporate herein the allegations contained in the preceding paragraphs as though fully alleged herein.

132. DEFENDANTS WATKINS, ISOTANI and TAKENISHI acted with reckless disregard of the need to use reasonable care, which was likely to cause foreseeable injury or harm to PLAINTIFF VINCENT and PLAINTIFF DONNA.

133. DEFENDANTS WATKINS, ISOTANI and TAKENISHI'S gross negligence caused PLAINTIFF VINCENT and PLAINTIFF DONNA to suffer injury or harm.

134. As a direct and proximate result of DEFENDANTS WATKINS, ISOTANI

and   TAKENISHI'S   actions,   and   the   ensuing   mandating   agencies,

PLAINTIFF VINCENT and PLAINTIFF DONNA are entitled to recover

special, general, punitive and/or treble damages in amounts to be proven at

trial.

COUNT IX

*Negligence in Training and Failure to Adequately Supervise against Defendants*
*Honokaa Police Station and County of Hawaii*

135. PLAINTIFF VINCENT and PLAINTIFF DONNA reallege and incorporate

herein the allegations contained in the preceding paragraphs as though fully

alleged herein.

136. DEFENDANTS HONOKAA POLICE STATION and COUNTY OF

HAWAII owed a duty to PLAINTIFF VINCENT and PLAINTIFF DONNA

to properly train the officers under its control so as to avoid the unreasonable

risk of harm to citizens, including, but not limited to, properly training and

supervising its police officers on the proper use, approach, communication,

restraint, and/or use of force in dealing with arrestees and bystanders.

137. DEFENDANTS HONOKAA POLICE STATION and COUNTY OF

HAWAII breached its duty of care to PLAINTIFF VINCENT and

PLAINTIFF DONNA by failing to train and supervise its officers.

138. As a direct and proximate result of HONOKAA POLICE STATION's and

COUNTY OF HAWAII's actions, PLAINTIFF VINCENT and PLAINTIFF

DONNA are entitled to recover special, general, punitive and/or treble

damages in amounts to be proven at trial.

## COUNT X
*Loss of Love, Support, and/or Consortium*

139. PLAINTIFF VINCENT and PLAINTIFF DONNA reallege and incorporate herein the allegations contained in the preceding paragraphs as though fully alleged herein.

140. PLAINTIFF DONNA is, and was at all relevant times herein, the lawful wife of PLAINTIFF VINCENT.

141. DEFENDANTS WATKINS, ISOTANI and TAKENISHI'S wrongful conduct caused PLAINTIFF DONNA to suffer loss of love, support, companionship, and/or consortium.

142. DEFENDANTS WATKINS, ISOTANI and TAKENISHI caused PLAINTIFF DONNA to suffer the loss of the support system she requires for her State verified and registered disability.

143. As a direct and proximate result of DEFENDANTS WATKINS, ISOTANI and TAKENISHI'S actions, and the ensuing mandating agencies, PLAINTIFF VINCENT and PLAINTIFF DONNA have sustained substantial damages, including, but not limited to, loss of life, loss of a lifetime of earnings, loss of companionship, loss of companionship, love, and support, loss of a lifetime of expected support, economic loss, medical bills, funeral expenses, and out-of-pocket expenses, and are therefore

entitled to recover special and general damages in such amounts as shall be shown at a trial or hearing hereof.

## COUNT XI

*Intentional Injury to a Bystander*

144. PLAINTIFF VINCENT and PLAINTIFF DONNA reallege and incorporate herein the allegations contained in the preceding paragraphs as though fully alleged herein.

145. DEFENDANTS WATKINS, ISOTANI and TAKENISHI, and the ensuing mandating agency DEFENDANT HONAKAA POLICE DEPARTMENT, upon their detention and arrest of PLAINTIFF VINCENT, acted intentionally, deliberately and willfully in their failure to administer proper care and treatment of PLAINTIFF DONNA as a bystander and as the passenger of the vehicle driven by PLAINTIFF VINCENT on the date of the subject incident.

146. DEFENDANTS WATKINS, ISOTANI and TAKENISHI, and the ensuing mandating agency DEFENDANT HONAKAA POLICE DEPARTMENT, would not answer any questions asked by PLAINTIFF DONNA regarding the legal justification for detention and arrest.

147. DEFENDANTS WATKINS, ISOTANI and TAKENISHI, and the ensuing mandating agency DEFENDANT HONAKAA POLICE DEPARTMENT, had specific and direct knowledge of PLAINTIFF DONNA's dependence on

PLAINTIFF VINCENT for support as a result of her State qualified and registered disability.

148. DEFENDANTS WATKINS, ISOTANI and TAKENISHI, and the ensuing mandating agency DEFENDANT HONAKAA POLICE DEPARTMENT, stated to PLAINTIFF DONNA that she was intoxicated and implied that she was not in a functional state of mind due to alcohol, despite never performing any of the sobriety tests administered by Law Enforcement Officials.

149. DEFENDANTS WATKINS, ISOTANI and TAKENISHI, and the ensuing mandating agency DEFENDANT HONAKAA POLICE DEPARTMENT, would not permit PLAINTIFF DONNA to wait in the passenger seat of the subject vehicle during her husband's arrest, despite holding a valid Hawaii State Drivers license at the time.

150. DEFENDANTS WATKINS, ISOTANI and TAKENISHI, and the ensuing mandating agency DEFENDANT HONAKAA POLICE DEPARTMENT, instructed PLAINTIFF DONNA to exit the vehicle and to stand approximately 50 feet away from the officers during the arrest with no justification given to PLAINTIFF DONNA.

151. DEFENDANTS WATKINS, ISOTANI and TAKENISHI, and the ensuing mandating agency DEFENDANT HONAKAA POLICE DEPARTMENT, would not assist PLAINTIFF DONNA with transportation to either the

Police Station or away from the site of arrest after the subject vehicle was towed.

152. DEFENDANTS WATKINS, ISOTANI and TAKENISHI, and the ensuing mandating agency DEFENDANT HONAKAA POLICE DEPARTMENT, abandoned PLAINTIFF DONNA in Honakaa at the site of the assault and battery, at The Church of Jesus Christ of Latter-day Saints located at 45 Mamalahoa Hwy, Honokaa, HI 96727, and relayed that she was either to hitchhike or walk home from the site of the assault and battery to PLAINTIFF VINCENT and PLAINTIFF DONNA's home they shared located in Eden Roc, Hawaii.

153. DEFENDANTS WATKINS, ISOTANI and TAKENISHI, and the ensuing mandating agency DEFENDANT HONAKAA POLICE DEPARTMENT, caused PLAINTIFF DONNA to suffer demonstrable mental anguish.

154. DEFENDANTS WATKINS, ISOTANI and TAKENISHI, and the ensuing mandating agency DEFENDANT HONAKAA POLICE DEPARTMENT, acted affirmatively, participated in, and/or omitted to a substantial risk of serious undue harm imposed on PLAINTIFF DONNA as a bystander.

155. DEFENDANTS WATKINS, ISOTANI and TAKENISHI, and the ensuing mandating agency DEFENDANT HONAKAA POLICE DEPARTMENT, acted affirmatively, participated in and with deliberate indifference

deprived PLAINTIFF DONNA of her civil liberties and rights.

156. DEFENDANTS WATKINS, ISOTANI and TAKENISHI, and the ensuing mandating agency DEFENDANT HONAKAA POLICE DEPARTMENT, acted unnecessarily, wantonly, and/or recklessly with respect to the unjustified infliction of harm so that it was tantamount to a knowing willingness that such a harm would occur to Plaintiff as a bystander.

157. As a direct and proximate result of DEFENDANTS WATKINS, ISOTANI and TAKENISHI'S, and the ensuing mandating agency DEFENDANT HONAKAA POLICE DEPARTMENT, wrongful conduct, PLAINTIFF VINCENT and PLAINTIFF DONNA are entitled to recover special, general, punitive and/or treble damages in amounts to be proven at trial.

<u>COUNT XII</u>
*Negligent Injury to a Bystander*

158. PLAINTIFF VINCENT and PLAINTIFF DONNA reallege and incorporate herein the allegations contained in the preceding paragraphs as though fully alleged herein.

159. DEFENDANTS WATKINS, ISOTANI and TAKENISHI, and the ensuing mandating agency DEFENDANT HONAKAA POLICE DEPARTMENT, abandoned PLAINTIFF DONNA as a bystander and passenger of the subject vehicle during PLAINTIFF VINCENT's unlawful detainment, arrest, assault,

and battery.

160.  DEFENDANTS WATKINS, ISOTANI and TAKENISHI, and the ensuing
      mandating agency DEFENDANT HONAKAA POLICE DEPARTMENT,
      left PLAINTIFF DONNA in Honakaa at the site of PLAINTIFF VINCENT's
      unlawful detainment, arrest, assault, and battery at The Church of Jesus Christ
      of Latter-day Saints located at 45 Mamalahoa Hwy, Honokaa, HI 96727, an
      area in which PLAINTIFF DONNA had never been and was wholly
      unfamiliar with.

161.  DEFENDANTS WATKINS, ISOTANI and TAKENISHI, and the ensuing
      mandating agency DEFENDANT HONAKAA POLICE DEPARTMENT,
      instructed PLAINTIFF DONNA to walk or hitchhike from The Church of
      Jesus Christ of Latter-day Saints located at 45 Mamalahoa Hwy, Honokaa, HI
      96727, with deliberate, wanton and/or reckless disregard for her as a citizen
      of the State of Hawaii.

162.  DEFENDANTS WATKINS, ISOTANI and TAKENISHI, and the ensuing
      mandating agency DEFENDANT HONAKAA POLICE DEPARTMENT,
      abandonment, PLAINTIFF DONNA was forced to sleep outside overnight on
      the steps of The Church of Jesus Christ of Latter-day Saints located at 45
      Mamalahoa Hwy, Honokaa, HI 96727.

163.  DEFENDANTS WATKINS, ISOTANI and TAKENISHI, and the ensuing

mandating agency DEFENDANT HONAKAA POLICE DEPARTMENT, acted unnecessarily, wantonly, and/or recklessly with respect to the negligent infliction of harm so that it was tantamount to a knowing willingness that such a harm would occur to PLAINTIFF DONNA as a bystander.

164. DEFENDANTS WATKINS, ISOTANI and TAKENISHI, and the ensuing mandating agency DEFENDANT HONAKAA POLICE DEPARTMENT, caused PLAINTIFF DONNA to suffer demonstrable mental distress.

165. As a direct and proximate result of DEFENDANTS WATKINS, ISOTANI and TAKENISHI, and the ensuing mandating agency DEFENDANT HONAKAA POLICE DEPARTMENT, wrongful conduct, PLAINTIFF VINCENT and PLAINTIFF DONNA are entitled to recover special, general, punitive and/or treble damages in amounts to be proven at trial.

<u>COUNT  XIII</u>
*Survivor's  Action*

166. PLAINTIFF VINCENT and PLAINTIFF DONNA reallege and incorporate herein the allegations contained in the preceding paragraphs as though fully alleged herein.

167. PLAINTIFF VINCENT was forced to endure great conscious pain and suffering as a direct and proximate result of DEFENDANTS WATKINS,

ISOTANI and TAKENISHI's conduct before his death.

168. PLAINTIFF VINCENT did not file a legal action before his death for injuries and damages sustained as a result of DEFENDANTS WATKINS, ISOTANI and TAKENISHI's conduct.

169. PLAINTIFF DONNA, as Next of Kin and Personal Representative of the Estate of decedent VINCENT BURTON, claims damages for the conscious pain and suffering incurred by PLAINTIFF VINCENT, as provided for under *42 U.S.C. § 1983.*

170. As a direct and proximate result of DEFENDANTS WATKINS, ISOTANI and TAKENISHI's wrongful conduct, PLAINTIFF VINCENT and PLAINTIFF DONNA have sustained substantial damages, including, but not limited to, loss of life, mental illness, loss of consortium, loss of companionship, loss of a lifetime of earnings, loss of love and support, loss of a lifetime of expected spousal support, economic loss, medical bills, funeral expenses, and out-of-pocket expenses, and are therefore entitled to recover special and general damages in such amounts as shall be shown at a trial or hearing hereof.

## COUNT XIV
*Municipal Liability*

171. PLAINTIFF VINCENT and PLAINTIFF DONNA reallege and incorporate herein the allegations contained in the preceding paragraphs as though fully

alleged herein.

172. The constitutional and civil violations committed by DEFENDANTS

WATKINS, ISOTANI and TAKENISHI, and the ensuing mandating agency

DEFENDANT HONAKAA POLICE DEPARTMENT were the direct and

proximate result of DEFENDANTS COUNTY OF HAWAII,

DEPARTMENT OF PUBLIC SAFETY and STATE OF HAWAII's

enumerated practices, customs, policies, and/or procedures.

173. Such policies, procedures, practices, and customs followed by

DEFENDANTS WATKINS, ISOTANI AND TAKENISHI, and the ensuing

mandating agency DEFENDANT HONAKAA POLICE DEPARTMENT, as

well as all Law Enforcement Officials in the State of Hawaii, are mandated by

DEFENDANTS COUNTY OF HAWAII, and STATE OF HAWAII as the

presiding administrative entities.

174. DEFENDANTS WATKINS, ISOTANI and TAKENISHI, and the ensuing

mandating agency DEFENDANT HONAKAA POLICE DEPARTMENT,

illegally used excessive and deadly force in their arrest of PLAINTIFF

VINCENT and committed negligent and intentional violations of the civil

rights and liberties of PLAINTIFF VINCENT and PLAINTIFF DONNA

while acting under the color of law, statutes, ordinances, rules, regulations,

customs, policies, practices regulated and enforced by DEFENDANT

COUNTY OF HAWAII and STATE OF HAWAII.

175. As a direct and proximate result of DEFENDANTS WATKINS, ISOTANI and TAKENISHI, and the ensuing mandating agencies DEFENDANTS HONAKAA POLICE DEPARTMENT, HAWAII COUNTY POLICE DEPARTMENT and CITY AND COUNTY OF HAWAII, PLAINTIFF VINCENT and PLAINTIFF DONNA are entitled to recover special, general, punitive and/or damages in such amounts as shall be shown at a trial or hearing hereof.

## COUNT XV
### *Respondeat Superior and/or Vicarious Liability*

176. PLAINTIFF VINCENT and PLAINTIFF DONNA reallege and incorporate herein the allegations contained in the preceding paragraphs as though fully alleged herein.

177. DEFENDANTS HONAKAA POLICE DEPARTMENT, HAWAII COUNTY POLICE DEPARTMENT and CITY AND COUNTY OF HAWAII is liable for all of the acts and/or omissions of its employees, agents, representatives, and/or servants, including, but not limited to, DEFENDANTS WATKINS, ISOTANI and TAKENISHI pursuant to the doctrine of respondeat superior liability and/or vicarious liability.

178. DEFENDANTS WATKINS, ISOTANI and TAKENISHI held themselves out as being agents or employees of HONAKAA POLICE DEPARTMENT,

HAWAII COUNTY POLICE DEPARTMENT and CITY AND COUNTY OF HAWAII acting within the course and scope of their employment as police officers.

179. HONAKAA POLICE DEPARTMENT, HAWAII COUNTY POLICE DEPARTMENT and CITY AND COUNTY OF HAWAII is therefore liable for all of the acts and/or omissions of DEFENDANTS WATKINS, ISOTANI and TAKENISHI under the doctrine of respondeat superior or is otherwise vicariously liable for their acts and omissions under principal/agent or master/agent or master/servant principles.

180. DEFENDANTS WATKINS, ISOTANI and TAKENISHI was acting under the actual and/or apparent authority and/or agency of HONAKAA POLICE DEPARTMENT, HAWAII COUNTY POLICE DEPARTMENT and CITY AND COUNTY OF HAWAII.

181. Therefore, HONAKAA POLICE DEPARTMENT, HAWAII COUNTY POLICE DEPARTMENT and CITY AND COUNTY OF HAWAII is liable for all acts and/or omissions of DEFENDANTS WATKINS, ISOTANI and TAKENISHI under the theory of apparent authority/agency or is otherwise vicariously liable for its acts omissions under the theory of apparent authority/agency.

182. As a direct and proximate result of DEFENDANTS WATKINS, ISOTANI

and TAKENISHI wrongful conduct, PLAINTIFF VINCENT and PLAINTIFF DONNA have sustained substantial damages, including, but not limited to, loss of life, loss of a lifetime of earnings, loss of companionship, loss of companionship, love, and support, loss of a lifetime of expected support, economic loss, medical bills, funeral expenses, and out-of-pocket expenses, and are therefore entitled to recover special, general, compensatory, and punitive damages in such amounts as shall be shown at a trial or hearing hereof.

## V.  <u>PRAYER FOR DAMAGES</u>

183. PLAINTIFF DONNA JOYCE BURTON, individually and as Personal Representative of the ESTATE OF VINCENT TRAVIS BURTON, Deceased, requests monetary damages, in an amount to be proven at trial.

184. PLAINTIFF DONNA JOYCE BURTON, individually and as Personal Representative of the ESTATE OF VINCENT TRAVIS BURTON, Deceased, requests Costs of the Suit and all related expenses.

185. PLAINTIFF DONNA JOYCE BURTON, individually and as Personal Representative of the ESTATE OF VINCENT TRAVIS

BURTON, Deceased, requests Attorney's fees.

186.   PLAINTIFF DONNA JOYCE BURTON, individually and as Personal Representative of the ESTATE OF VINCENT TRAVIS BURTON, Deceased, requests that any judgment be assessed jointly and severally to the extent allowed by law.

187.   PLAINTIFF DONNA JOYCE BURTON, individually and as Personal Representative of the ESTATE OF VINCENT TRAVIS BURTON, Deceased, requests any such further relief as the Court deems appropriate and just.

DATED: Honolulu, Hawaii 4 May 2020.

_____

/s/ Moanike'ala R. Crowell
MOANIKE'ALA R. CROWELL
MICHAEL JAY GREEN
Attorneys for Plaintiff
DONNA JOYCE BURTON, individually
and as Personal Representative of the
ESTATE OF VINCENT TRAVIS
BURTON, Deceased.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DONNA JOYCE BURTON, individually and as Personal Representative of the ESTATE OF VINCENT TRAVIS BURTON, Deceased,<br><br>      Plaintiff,<br><br>   v.<br><br>CITY AND COUNTY OF HAWAII; HAWAII COUNTY POLICE DEPARTMENT; LUKE WATKINS, individually and in his capacity as a Police Officer of the Hawaii County Police Department; PAUL T. ISOTANI, individually and in his capacity as a Police Officer of the Hawaii County Police Department; LANDON TAKENISHI, individually and in his capacity as a Police Officer of the Hawaii County Police Department; DOE DEFENDANTS 1-10; DOE PARTNERSHIPS 1-10; and DOE CORPORATIONS 1-10,<br><br>      Defendants. | Case No.<br><br>DEMAND FOR JURY TRIAL |

## DEMAND FOR JURY TRIAL

Plaintiff, DONNA JOYCE BURTON, individually and as Personal Representative of the ESTATE OF VINCENT TRAVIS BURTON, by and though her undersigned attorneys, hereby demands a trial by jury for all issues so triable herein.

DATED: <u>Honolulu, Hawaii 4 May 2020.</u>

<u>/s/ Moanike'ala R. Crowell</u>
MOANIKE'ALA R. CROWELL
MICHAEL JAY GREEN
Attorneys for Plaintiff
DONNA JOYCE BURTON, individually
and as Personal Representative of the
ESTATE OF VINCENT TRAVIS
BURTON, Deceased.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DONNA JOYCE BURTON, individually and as Personal Representative of the ESTATE OF VINCENT TRAVIS BURTON, Deceased,<br><br>       Plaintiff,<br><br>    v.<br><br>CITY AND COUNTY OF HAWAII; HAWAII COUNTY POLICE DEPARTMENT; LUKE WATKINS, individually and in his capacity as a Police Officer of the Hawaii County Police Department; PAUL T. ISOTANI, individually and in his capacity as a Police Officer of the Hawaii County Police Department; LANDON TAKENISHI, individually and in his capacity as a Police Officer of the Hawaii County Police Department; DOE DEFENDANTS 1-10; DOE PARTNERSHIPS 1-10; and DOE CORPORATIONS 1-10,<br>       Defendants. | SUMMONS |

**TO:   The Above-Named Defendants**
      **LUKE WATKINS**
      **PAUL T. ISOTANI**
      **LANDON TAKENISHI**
      **HONAKA'A POLICE STATION**
      **HAWAII COUNTY POLICE DEPARTMENT**
      **STATE OF HAWAII**
      **JOHN DOES 1-25**

**JANE DOES 1-25**
**DOE CORPORATIONS 1-25**
**DOE GOVERNMENTAL AGENGIES 1-25**
**DOE ENTITIES 1-25**

YOU ARE HEREBY SUMMONED and required to file with the Court, and serve upon Plaintiffs' attorneys, whose address is as stated above, an answer to the "Complaint for Damages," which is attached. This action must be taken within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to make your answer within the twenty-day time limit, judgment by default will be taken against you for the relief demanded in the Complaint for Damages.

This summons shall not be personally delivered between 10:00 p.m. and 6:00 a.m. on premises not open to the general public, unless a judge of the above-entitled Court permits, in writing on this Summons, personal delivery during those hours.

A failure to obey this summons may result in an entry of default and default judgment against the disobeying person or party.

DATED:  Honolulu, Hawaii,_____.


_____
CLERK OF THE ABOVE-ENTITLED COURT