REVERE & ASSOCIATES, LLLC

TERRANCE M. REVERE          5857
PAUL V.K. SMITH             5891
970 N. Kalaheo, Suite A301
Kailua, Hawaii 96734
Telephone No.: (808) 791-9550

Attorneys for Plaintiffs
ERIN LERETTE, Individually and on behalf
of Minor B.T.B; and TRISTAN BURTON,
Individually and as Representative of
VINCENT BURTON, deceased

IN THE UNITED STATES DISTRICT COURT

STATE OF HAWAII

| | |
|---|---|
| ERIN LERETTE, Individually and on behalf of Minor B.T.B; and TRISTAN BURTON, <br><br>       Plaintiffs, <br><br>   vs. <br><br> CITY AND COUNTY OF HAWAI'I; et. al., <br><br>       Defendants. | CIVIL NO. 20-00202 JAO-RT (Other Non-Vehicle Tort) <br><br> PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS FILED FEBRUARY 17, 2023 [ECF 87]; DECLARATION OF PAUL V.K. SMITH; EXHIBIT "1"; CERTIFICATE OF SERVICE <br><br><br><br><br><br><br> TRIAL DATE: December 11, 2023 |

<u>TABLE OF CONTENTS</u>

I.      INTRODUCTION………………………………………………….7

II.     LEGAL STANDARD……………………………………………….9

III.    DISCUSSION…………………………………………………..11

        A. <u>There is No Issue or Claim Preclusion Applicable to the
           Present Case…</u>…………………………………………..11

        B. <u>Plaintiffs have a Viable Claim for Police Cover-Up
           and/or Conspircy</u>……………………………………………15

        C. <u>Plaintiffs' Failure to Provide Aid Claims do Not Fail</u>……………...18

        D. <u>Plaintiffs' Fifth Amendment and Due Process Claims
           Do Not Fail…</u>……………………………………………………18

        E. <u>Allegations of Complaint are In Dispute and Cannot Be
           Disposed of By FRCP 12(c)</u>…………………………………..19

        F. <u>Plaintiffs' Complaint Asserts a Cause of Action Pursuant
           to 42 USC 1983</u>…………………………………………….23

        G. <u>The Wrongful Death Claims of B.T.B. and Tristan Burton are
           Directly Authorized Under HRS 663-3 and Do Not Fail.</u> …………23

# TABLE OF AUTHORITIES

**CASES**                                                                    **PAGE**

Albright v. Oliver, 510 U.S. 266, 299, 114 S.Ct. 807, 826 (1994)……………..17

Alvarez v. Hill, 518 F.3d 1152, 1157 (9th Cir. 2008) …………………………...10

Anderson v. Gailey, 97 Idaho 813, 555 P.2d 144 (1976)………………………..27

Andrews v. Cnty. of Hawaii, Civ. No. 10–00749 DAE–KSC, 2011 WL 4381763, at *2–3 (D. Hawai'i Sept. 20, 2011) ……………………………………………10

Ashcroft v. Iqbal, [556 U.S. 662,] 129 S. Ct. [1937,] 1940 [173 L. Ed. 2d 868 (2009)]. …………………………………………………………………………..10

Bell Atlantic Corp. v. Twombly, 550 U.S. [544,] 570[, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)]. ………………………………………………………………10, 11

Bertelmann v. Taas Associates, 735 P.2d 930, 932, 69 Haw. 95 (Haw. 1987). 26-27

Bremer v. Weeks, 104 Hawai'i 43, 54, 85 P.3d 150, 161 (2004))…………………28

Checki v. Webb, 785 F.2d 534, 538 (5th Cir. 1986)……………………………...18

City of Revere v. Massachusetts General Hospital, 463 U.S. 239, 244, 103 S.Ct. 2979, 77 L.Ed. 2d 605 (1983). ……………………………………………………18

Coleman v. Prince George's County Dept. of Social Services, 2010 WL 917871, *3 (D.Md. 2010, aff'd, 2011 WL 317397 (4th Cir. 2011)…………………………10

Comfort v. Town of Pittsfield, 924 F.Supp. 1219, 1229 (D.Me. 1996) ………….16

Coos County Board of County Com'rs v. Kempthorpe, 531 F.3d 792 (9th Cir. 2008)…………………………………………………………………………………10

Deshaney v. Winnebago County Dept. of Social Servs., 489 U.S. at 196)………..19

Dooley v. Reiss, 736 F.2d 1392, 1394-95 (9th Cir. 1984)...................................15

Dorrance v. Lee, 90 Hawai'i 143, 148-49, 976 P.2d 904, 909-10 (1999)…………14

Dworkin v. Hustler Magazine, Inc., 867 F.2d 1188, 1192 (9th Cir. 1989)………..9

Ellis v. Crockett, 51 Haw. 45, 56, 451 P.2d 814, 822 (1969)…………………… 13

Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co., 132 F.3d 526, 528 (9th Cir. 1997) …………………………………………………………………..10

EXOTICS HAWAII-KONA v. EI DUPONT, 90 P.3d 250, 257, 104 Haw. 358 (Haw. 2004). ……………………………………………………………13-14, 27

Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir. 2009)……………………………19

Graham v. Connor, 490 U.S. 386, 396-97 (1989)……………………………....23

Hampton v. Hanrahan, 600 F.2d 600, 621-622 (7th Cir. 1979), cert, denied in part, granted in part, reversed in part on other grounds 446 U.S. 754, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980) …………………………………………………………..16

Hishon v. King & Spalding, 467 U.S. 69, 73[, 104 S. Ct. 2229, 81 L. Ed. 2d 59] (1984)……………………………………………………………………….9

In re Bigelow, 271 B.R. 178, 184 (B.A.P. 9th Cir. 2001)………………………...14

Jensen v. City of Oxnard, 145 F.3d 1078, 1082 (9th Cir. 1998)………………….23

Landrigan v. City of Warwick, 628 F.2d 736, 742 (1st Cir. 1980)………………..16

Logan v. Zimmerman Brush Co., 455 U.S. 422, 428-31, 102 S.Ct. 1148, 1153-55, 71 L.Ed.2d 265(1982) ………………………………………………………15

Luzon v. Atlas Ins. Agency, Inc., 284 F. Supp. 2d 1261, 1262 (D. Haw. 2003)……9

Maddox v. City of Los Angeles, 792 F.2d 1408, 1414 (9th Cir. 1986)……………18

McGann v. Ernst & Young, 102 F.3d 390, 392 (9th Cir. 1996) …………………..10

McGlinchy v. Shell Chemical Co., 845 F.2d 802, 810 (9th Cir. 1988)…………9, 20

Mooney v. Holohan, 294 U.S. 103, 112, 55 S.Ct. 340, 341, 79 L.Ed. 791 (1935)..17

Mortg. Elec. Registration Sys., Inc. v. Wise, 130 Hawai'i 11, 18-19, 304 P.3d 1192, 1200 (Haw. 2013)………………………………………………………………14

Nolan v. Morelli, 154 Conn. 432, 226 A.2d 383 (1967)………………………….27

Rogers v. Fukase, 2010 WL 4812772 (D. Hawai'i 2010). ……………………20-21

Sinaloa Lake Owners Ass'n v. City of Simi Valley, 882 F.2d 1398, 1408-09 n. 10 (9th Cir.1989)……………………………………………………………………..18

Swierkiewicz, 534 U.S. at 512, 122 S.Ct. at 998…………………………………..11

Turner v. Cook, 362 F.3d 1219, 1225 (9th Cir. 2004). ……………………………19

Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989)…………………………...23

## STATUTES

42 U.S.C. Sec. 1983 and 1985 ……………………………………………..7, 16, 23

HRS § 281-78(a)(2)(B)……………………………………………………………26

HRS § 663-3 ………………………………………………………………..7, 24-25

## RULES

FRCP Rule 12(b)(6) …………………………………………………………9, 20

Rule 12(c) of the Federal Rules of Civil Procedure ……………………………….9

LR 56.1(e)…………………………………………………………………………12

LR 56.1(g)………………………………………………………………………...12

FRCP 56(e)(2)……………………………………………………………………12

## TREATISES

Section 27 of the Restatement (Second) of Judgments (1982) ………………..8, 14

Restatement (Second) of Judgments § 27 cmt. e (1982)…………………………14

C. Wright and A. Miller, <u>Federal Practice and Procedure</u>, Sec. 1357
(3rd ed. 2004). ………………………………………………………11, 21-22

<u>Federal Practice and Procedure</u> § 4442 "On the Merits"—Default, 18A
Fed. Prac. & Proc. Juris. § 4442 (3d ed.) …………………………………..15

Note, Ono v. Applegate: Common Law Dram Shop Liability, 3 U.Haw.L.Rev.
149, 158 (1981)………………………………………………………………..26

5 C. Wright and A. Miller, <u>Federal Practice and Procedure</u> 3d.
Sec. 1219 (2004) ……………………………………………………………10

5 C. Wright and A. Miller, <u>Federal Practice and Procedure</u> 3d, Sec. 1230 (2004).11

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS FILED FEBRUARY 17, 2023 [ECF 87]**

## I. INTRODUCTION

Vincent Burton died on May 20, 2018 following a traffic stop for a DUI where County Officers repeatedly beat and tazed the decedent *after* he was handcuffed. (ECF 1 at 20-97). Mr. Burton suffered multiple rib fractures and other severe internal injuries following his arrest resulting in his agonizing death. Id. The Defendants delayed or denied medical treatment and engaged in a cover-up of the beating death of Mr. Burton for a DUI. Id. Plaintiffs' complaint adequately alleged a complaint for excessive force and related causes of action under 42 USC Sec. 1983, including cover-up conspiracy, as this Court previously so ruled (See ECF 34 at p. 12), and which constitutes law of the case governing this motion.

Following their father's death, the surviving children of Vincent Burton, Tristan Burton and B.T.B. (a minor), moved to Texas under the protection of their aunt, Erin Lerette, as there were no close relatives in Hawaii capable of taking care of the children following their father's sudden death.[1] The surviving children subsequently asserted wrongful death claims for the death of their father in the present action. These claims are direct claims authorized under HRS § 663-3 for

---

[1] B.T.B. and Tristan Burton are the natural and surviving sons of Vincent Burton, they had no legal/natural relation to their father's surviving wife, Donna Burton.

surviving children whose parent has died as a result of the wrongful acts or omissions of the Defendants.

There is no preclusive effect with respect to this Court's January 31, 2022 Order granting Summary Judgment in the separate Donna Burton matter, Civil No. 20-00208 JAO- RT, because the basis for summary judgment in that case was due to Dona Burton failing to oppose the Defendants' summary judgment by filing a Concise Statement of Material Facts ("CSOF"). (See Exhibit "C" to Defendants' Motion for Judgment on the Pleadings at pp. 2 and 12). Therefore all of the Government Defendants facts were simply adopted by default.[2]

There can be no issue or claim preclusion applicable here. The parties are different, and as Section 27 of the Restatement (Second) of Judgments (1982) states:

> When an <u>issue of fact</u> or law <u>is actually litigated</u> and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.

Comment e of § 27 states:

> In the case of a judgment entered by confession, consent, or default, none of the issues is actually litigated." Restatement (Second) of Judgments § 27 cmt. e (1982). (Bold added).

---

[2] The Government Defendants omit to inform the Court in their present Motion that they obtained Summary Judgment in the Donna Burton matter on a technicality, due to the Plaintiff failing to properly oppose the summary judgment motion, which precludes use of offensive collateral estoppel or claim preclusion.

In addition, Defendants' answer to the Plaintiffs' complaint raises multiple

factual conflicts that cannot be resolved by virtue of a motion for judgment on the

pleadings. Defendants denied all of the allegations of excessive force, failure to

render aid and cover-up/conspiracy. (Compare Plaintiff's Complaint, ECF No. 1 at

nos. 20-49 to Defendants' answer/denial of each of those allegations at ECF no.

35, at p. 2).  Therefore, a Rule 12(c) Motion cannot be granted. According to

Federal Practice and Procedure Sec. 1368:

> [W]hen material issues of fact are raised by the answer and the defendant
> seeks judgment on the pleadings on the basis of this matter, his motion can
> not be granted.

(Underline added). Plaintiffs' retained expert also has opined the deadly force was

excessive and unreasonable under the Fourth Amendment. (See Exhibit "1"

hereto).

## II.     LEGAL STANDARD

Rule 12(c) of the Federal Rules of Civil Procedure states: "After the

pleadings are closed — but early enough not to delay trial — a party may move for

judgment on the pleadings." This district court has stated:

> [T]he standard governing the Rule 12(c) motion for judgment on the
> pleadings is the same as that governing a Rule 12(b)(6) motion. See
> McGlinchy v. Shell Chemical Co., 845 F.2d 802, 810 (9th Cir. 1988); Luzon
> v. Atlas Ins. Agency, Inc., 284 F. Supp. 2d 1261, 1262 (D. Haw. 2003). As a
> result, a motion for judgment on the pleadings for failure to state a claim
> may be granted "'only if it is clear that no relief could be granted under any
> set of facts that could be prove[d] consistent with the allegations.'"
> McGlinchy, 845 F.2d at 810 (quoting Hishon v. King & Spalding, 467 U.S.
> 69, 73[, 104 S. Ct. 2229, 81 L. Ed. 2d 59] (1984)); see also Dworkin v.

Hustler Magazine, Inc., 867 F.2d 1188, 1192 (9th Cir. 1989) ("The principal difference between motions filed pursuant to Rule 12(b) and Rule 12(c) is the time of filing. Because the motions are functionally identical, the same standard of review applicable to a Rule 12(b) motion applies to its Rule 12(c) analog."). Thus, "[a] judgment on the pleadings is properly granted when, taking all allegations in the pleading as true, the moving party is entitled to judgment as a matter of law." Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co., 132 F.3d 526, 528 (9th Cir. 1997) (citing McGann v. Ernst & Young, 102 F.3d 390, 392 (9th Cir. 1996)). "Not only must the court accept all material allegations in the complaint as true, but the complaint must be construed, and all doubts resolved, in the light most favorable to the plaintiff." McGlinchy, 845 F.2d at 810. As noted, to withstand a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." [Bell Atlantic Corp. v.] Twombly, 550 U.S. [544,] 570[, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)]. A claim has "facial plausibility" if the plaintiff pleads facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." [Ashcroft v.] Iqbal, [556 U.S. 662,] 129 S. Ct. [1937,] 1940 [173 L. Ed. 2d 868 (2009)]. Although the court must accept all well-pleaded factual allegations as true, "[t]hread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Nor must the court "accept as true a legal conclusion couched as a factual allegation." Id. (quoting Twombly, 550 U.S. at 555, 127 S. Ct. 1955).

Andrews v. Cnty. of Hawaii, Civ. No. 10–00749 DAE–KSC, 2011 WL 4381763, at *2–3 (D. Hawaiʻi Sept. 20, 2011) (some alterations in Andrews).

A complaint need not identify legal theories by name for the Plaintiff's claim for relief. 5 C. Wright and A. Miller, Federal Practice and Procedure 3d. Sec. 1219 (2004); Alvarez v. Hill, 518 F.3d 1152, 1157 (9th Cir. 2008) ("Notice Pleading requires the Plaintiff to set forth in his complaint *claims for relief*, not causes of action, statutes or legal theories."); Coos County Board of County Com'rs v. Kempthorpe, 531 F.3d 792 (9th Cir. 2008); Coleman v. Prince George's County Dept. of Social Services, 2010 WL 917871, *3 (D.Md. 2010, aff'd, 2011

WL 317397 (4th Cir. 2011)(although complaint failed to state ADA claim, "court must consider whether the facts might support a claim under any other federal law"). "Although the desire for some specificity is understandable, the district court should remember that fundamental rights and important questions of public policy are involved in actions under the civil rights statutes and should not dismiss the complaint unless it is clearly frivolous or fails to state any legally cognizable claim for relief." 5 C. Wright and A. Miller, <u>Federal Practice and Procedure</u> 3d, Sec. 1230 (2004).

A complaint must contain enough facts "to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]". *Bell Atl. Corp. v. Twombly*, <u>550 U.S. 544</u>, 556 (2007). District courts should be reluctant to dispose of a complaint on technical grounds in view of the policy of the federal rules to determine actions on their factual and legal merits. *Swierkiewicz,* 534 U.S. at 512, 122 S.Ct. at 998; C. Wright and A. Miller, <u>Federal Practice and Procedure</u>, Sec. 1357 (3rd ed. 2004).

III.    DISCUSSION

A. <u>There is No Issue or Claim Preclusion Applicable to the Present Case</u>

Defendants' Motion to Dismiss rests on the assumption that the Court's Order Granting Summary Judgment in a separate case, to wit: DONNA JOYCE BURTON, individually and as Personal Representative of the ESTATE OF VINCENT TRAVIS BURTON, Deceased vs. CITY AND COUNTY OF

HAWAII; Civil No. 20-00208 JAO- RT (hereinafter sometimes referred to as "the Donna Burton matter") is binding with preclusive effect on the Plaintiffs in the present action. The Plaintiffs in the present matter are the surviving children of Vincent Burton and their guardian, the decedent's sister, Erin Lerette. There is no preclusive effect with respect to this Court's Order granting Summary Judgment in the Donna Burton matter and the present case since the basis for summary judgment in the Donna Burton matter was procedural, to wit: the Plaintiff therein failed to oppose the summary judgment by filing a Concise Statement of Material Facts ("CSOF"). Thus, all the Government Defendants facts in its Motion for Summary Judgment were deemed admitted by the Plaintiff for failing to oppose the facts/summary judgment.  See Exhibit "C" to the County's Motion for Judgment on the Pleadings herein at pp. 2, 12. This Court's Order dated January 31, 2022 in the Burton matter provides:

> Defendants filed a "separate concise statement detailing each material fact that the movant contends is undisputed and essential for the court's determination of the motion," and supported those facts with declarations and other evidence. See ECF No**.** 94. **Plaintiffs, however, failed to file their own separate concise statement or any response to Defendants' concise statement in violation of LR 56.1(e). Further, Plaintiffs neglected to submit any of their own evidence. Accordingly, the Court deems the facts in Defendants' concise statement admitted for the purposes of this Motion. See LR 56.1(g); FRCP 56(e)(2). Thus, Defendants' version of events is the only one properly before the Court and the Court recounts it here. As such, the following facts are undisputed** unless otherwise noted.
> . . .

**If the nonmoving party fails to assert specific facts, beyond the mere allegations or denials in its response, summary judgment, if appropriate, shall be entered.**

(Exhibit "C" to Defendants' Motion for Judgment on the Pleadings at pp. 2, 11)

(Bold added).

There can be no issue preclusion here, as the parties are different and, in order for there to be issue preclusion, the judgment or order from which a party seeks to establish preclusive effect, *must actually have been litigated.* "Issue preclusion applies to a subsequent suit between the parties or their privies on a different cause of action and prevents the parties or their privies from relitigating any issue *that was actually litigated* and finally decided in the earlier action." Exotics Hawaii-Kona v. EI Dupont, 90 P.3d 250, 257, 104 Haw. 358 (Haw. 2004). Citing to Ellis v. Crockett, 51 Haw. 45, 56, 451 P.2d 814, 822 (1969), the Hawaii Supreme Court in Exotics Hawaii, identified the policy underlying issue and claim preclusion:

> The policies underlying issue preclusion and claim preclusion are well-defined: The public interest staunchly permits every litigant to have an opportunity to try his case on the merits; but it also requires that he be limited to one such opportunity. Furthermore, public reliance upon judicial pronouncements requires that what has been finally determined by competent tribunals shall be accepted as undeniable legal truth. Its legal efficacy is not to be undermined. Also, these doctrines tend to eliminate vexation and expense to the parties, wasted use of judicial machinery and the possibility of inconsistent results. Ellis v. Crockett, 51 Haw. 45, 56, 451 P.2d 814, 822 (1969) (citation and internal quotation marks omitted, reh'g denied, 51 Haw. 86, 451 P.2d 814 (1969)).

Stated differently, issue preclusion and claim preclusion "share the common goals of preventing inconsistent results, preventing a multiplicity of suits, and promoting finality and judicial economy." <u>Dorrance v. Lee</u>, 90 Hawai'i 143, 148-49, 976 P.2d 904, 909-10 (1999).

<u>Exotics- Hawaii</u>, 90 P.3d 257.

Section 27 of the Restatement (Second) of Judgments (1982) states:

When an <u>issue of fact</u> or law <u>is actually litigated</u> and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.

**Comment e of § 27 states: "In the case of a judgment entered by confession, consent, or default, none of the issues is actually litigated." Restatement (Second) of Judgments § 27 cmt. e (1982).** (Bold added).

The Hawaii Supreme Court recognizes and follows the Restatement (Second) of Judgments. <u>Mortg. Elec. Registration Sys., Inc. v. Wise</u>, 130 Hawai'i 11, 18-19, 304 P.3d 1192, 1200 (Haw. 2013).

Applying Washington/Federal law, the 9th Circuit Court in <u>In re Bigelow</u>, 271 B.R. 178, 184 (B.A.P. 9th Cir. 2001) stated:

To apply issue preclusion, the identical issues must have been "actually litigated." This case involves a pure default judgment. By "pure" default, we mean a default entered against a defendant who did not appear or participate in the prior lawsuit.

A review of the scant Washington law on this subject reveals **that a default judgment cannot support the "actually litigated" requirement.** Washington law (**like federal law) follows the Restatement (Second) of Judgments, which espouses the view that a default judgment should have no collateral estoppel effect. Restatement (Second) of Judgments § 27 cmt. e (1982).** See <u>Nielson</u>, 135 Wash.2d at 262, 956 P.2d at 315 (citing

Restatement). See also Lewis H. Orland and Karl B. Tegland, Washington Practice, Trial Practice § 368 (West, 5th ed.1996). Cf. Lenzi v. Redland Ins. Co., 140 Wash.2d 267, 279-80, 996 P.2d 603, 609 (2000) (distinguishing between "claim" preclusion, as applied to a default judgment to bar all future claims that could have been litigated before, and issue preclusion, which applies "only to issues actually litigated") (quoting Philip A. Trautman, Claim and Issue Preclusion in Civil Litigation in Washington, 60 WASH. L. REV. 805, 813-14 (1985)).

(Bold added). As Professor Cooper wrote in <u>Federal Practice and Procedure</u> § 4442

"On the Merits"—Default, 18A Fed. Prac. & Proc. Juris. § 4442 (3d ed.):

> On balance, denial of issue preclusion also seems appropriate in cases that involve a one-sided hearing after default for failure to answer. Such hearings may be held in the court's discretion to inquire into matters of liability, and may be required to establish the nature of the relief to be given. Although such hearings may involve both presentation of proof and decision of the issues presented, the procedure is apt to be too remote from full adversary contest to support issue preclusion. If a contested hearing is held, on the other hand, issue preclusion may prove appropriate. Preclusion is thus fully appropriate as to any issues resolved after a full-scale contest on issues of damages. So too, preclusion may be appropriate if hearings on issues of liability have come reasonably close to a full-scale trial.

## B. <u>Plaintiffs have a Viable Claim for Police Cover-Up and/or Conspircy</u>

Federal law recognizes causes of action under 42 U.S.C. Sec. 1983 and 1985 for police falsification, cover-up or conspiracy to cover-up police reports or investigations in order to defeat a subsequent civil action. <u>Dooley v. Reiss</u>, 736 F.2d 1392, 1394-95 (9th Cir. 1984) ("A successful attempt by defendants to deprive a potential plaintiff of his right to bring a section 1983 action might well amount to actionable deprivation of federally protected rights. See <u>Logan v. Zimmerman Brush Co.</u>, 455 U.S. 422, 428-31, 102 S.Ct. 1148, 1153-55, 71 L.Ed.2d

265(1982)(cause of action is 'property' protected by Due Process Clause)"). In

Comfort v. Town of Pittsfield, 924 F.Supp. 1219, 1229 (D.Me. 1996) the court

stated:

> **Officer Heath and Chief Lawrence can also be held liable for conspiracy given their claimed involvement in the alleged post arrest "cover-up."** Here too, there is a clearly established right at stake, and whether or not Tremblay, Dodge, Lawrence and or Heath conspired to deprive Comfort of his Fourth Amendment rights depends entirely upon which account a fact-finder adopts.... A **reasonable jury could view the alleged falsification of police records, and the failure to properly investigate Comfort's arrest as efforts to deprive Comfort of his [Sec.] 1983 right of action as to the alleged use of excessive force**.

(Bold emphasis added). Likewise in Hampton v. Hanrahan, 600 F.2d 600, 621-

622 (7th Cir. 1979), cert, denied in part, granted in part, reversed in part on other

grounds 446 U.S. 754, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980) the Court stated:

> We do wish, however, to make one observation about the nature of the conspiracy described by plaintiffs' evidence in this case. **We believe that plaintiffs have presented a prima facie case, not of a single conspiracy, but of two conspiracies designed to violate their rights in distinct ways.** These conspiracies share many of the same participants who form "the common nucleus of separate conspiracies," Varelli, supra, 407 F.2d at 743, but they are not identical conspiracies. The first conspiracy, as we view the evidence, involves the state and federal defendants who participated in the pre-raid preparations and planning, and the raid itself. **The second conspiracy, involving many of these same defendants, was the alleged coverup of evidence regarding the instigation, preparation and execution of the raid, and the post-raid legal harassment of the plaintiffs**. These two conspiracies required entirely different kinds of activities, both legal and illegal, to achieve their ends. But more importantly, these two conspiracies had distinct objectives. The first conspiracy was designed to subvert and eliminate the Black Panther Party and its members, thereby suppressing both a potential source of unrest, turmoil, and even violence in the black community, and a vital, radical-black political organization. The second conspiracy harassed the survivors of the raid. **Moreover, the post-raid conspiracy was intended to frustrate any redress the plaintiffs might seek and, more importantly, to conceal the true character of the pre-raid and raid activities of the defendants involved in the first conspiracy.**

(Bold emphasis added). See also Landrigan v. City of Warwick, 628 F.2d 736, 742

(1st Cir. 1980)("His theory seems to be that defendants conspired to deprive him of

his section 1983 right of action to seek redress for the unconstitutional use of force, and we may assume without deciding, that such an object, sufficiently advanced, could have amounted to an actionable deprivation of federally protected rights."). Due Process also prohibits the "deliberate deception of court and jury" by use of perjured testimony. Mooney v. Holohan, 294 U.S. 103, 112, 55 S.Ct. 340, 341, 79 L.Ed. 791 (1935). The police report is to serve as an investigative tool and to "refresh the officer's recollection in preparation for court testimony." See Fisher, "Just the Facts, Ma'am": Lying and the Omission of Exculpatory Evidence in Police Reports, 28 New England Law Review 1, 8 (1993). "False and Misleading reports injure the process as well as the Defendant." Id. at 5. [3]

Regarding the police cover-up of the savage beating of Burton, the Government Defendants assert: "Here, Plaintiffs have failed to show that Burton was deprived of a constitutional right." (See Memorandum in Support of Motion

---

[3]The falsification of the police report and cover-up of the accident investigation have harmed the Plaintiffs' ability to prosecute their case, particularly as Vincent Burton died as a result of the incident and cannot testify. Defendants have taken advantage of the decedent's inability to testify and of the false police report and cover-up to keep the Plaintiffs in the dark about the truth of the incident while seeking to dismiss the Plaintiffs' lawsuit. Although not a criminal case, this would appear to violate principles of due process identified in Albright v. Oliver, 510 U.S. 266, 299, 114 S.Ct. 807, 826 (1994), Justice Stevens and Blackmum dissenting ("Our cases make clear that procedural regularity notwithstanding, the Due Process Clause is violated by the knowing use of perjured testimony or the **deliberate suppression of evidence** favorable to the accused."[citations omitted]). Bold Italics added.

("MIS") at 16. Defendants are wrong. The Constitutional right at issue is the 5th Amendment "Right to Property", in a Plaintiff's case, and the due process clause.

C. <u>Plaintiffs' Failure to Provide Aid Claims do Not Fail.</u>

The government also has a duty under the Due Process Clause to provide medical care to one who has been injured while being apprehended by the police. <u>City of Revere v. Massachusetts General Hospital</u>, 463 U.S. 239, 244, 103 S.Ct. 2979, 77 L.Ed. 2d 605 (1983). In <u>Revere</u>, the Supreme Court held that the Due Process Clause requires the responsible government agency to provide medical care to persons who have been injured by the police. <u>Id.</u> See also <u>Maddox v. City of Los Angeles</u>, 792 F.2d 1408, 1414 (9th Cir. 1986).

Here, the facts of the complaint allege the Government Defendants failed to provide aid to the injured Plaintiff who had massive internal injuries.

D. <u>Plaintiffs' Fifth Amendment and Due Process Claims Do Not Fail.</u>

In <u>Sinaloa Lake Owners Ass'n v. City of Simi Valley</u>, 882 F.2d 1398, 1408-09 n. 10 (9th Cir.1989), the Court stated: A plaintiff may still state a claim for violation of substantive due process where it is alleged that the government has used its power in an abusive, irrational or malicious way in a setting not encompassed by some other enumerated right. (Emphasis provided). In <u>Checki v. Webb</u>, 785 F.2d 534, 538 (5th Cir. 1986), the Court ruled: "where a police officer uses a police vehicle to terrorize a civilian, and he has done so with malicious abuse of official power shocking to the conscience, a court may conclude that the

18

officers have crossed the constitutional line". Id. at 538 (bold emphasis added). In

*Collins v. Harker Keights*, the Supreme Court stated that the Due Process Clause

was intended to prevent governmental officials from abusing [their] power or using

it as an instrument of oppression." 503 U.S. at 126 (quoting *Deshaney v.*

*Winnebago County Dept. of Social Servs*., 489 U.S. at 196).

Plaintiff was also a Caucasian male, while handcuffed was repeatedly

beaten, kicked and tazed while in custody then provided inadequate medical

treatment for his injuries which he died from. The Plaintiff was arrested for a DUI.

He did not deserve to be beaten to death. His sons have lost their father, who had a

full life ahead of him as he was only in his 50s. Factual issues exist as to the local

police officers abusing fatally a Caucasian male in their custody, while defenseless

and/or intoxicated.

  E. Allegations of Complaint are In Dispute and Cannot Be Disposed of
    By FRCP 12(c).

When ruling on a 12(c) motion for judgment on the pleadings, the federal

court "must accept all factual allegations in the complaint as true and construe

them in the light most favorable to the non-moving party." Fleming v. Pickard,

581 F.3d 922, 925 (9th Cir. 2009), citing Turner v. Cook, 362 F.3d 1219, 1225 (9th

Cir. 2004). Judgment on the pleadings is properly granted when there is no issue

of material fact in dispute and the moving party is entitled to judgment as a matter

of law. Fleming, 581 F.3d at 925. According to 5C C. Wright and A. Miller,

Federal Practice and Procedure 3d, Sec. 1370 (West 2004), "in considering motions under Federal Rule 12(c), district courts frequently indicate that a party moving for a judgment on the pleadings impliedly admits the truths of its adversary's allegations and the falsity of its own assertions that have been denied by that adversary."

Thus, for purposes of the instant motion, the court should treat as true the factual allegations of the Plaintiffs' complaint, including that Officers Watkins, Isotani, and Takehenishi savagely beat and tazed the decedent while he was handcuffed, defenseless and unarmed. (ECF at No. 1, at Nos. 20-97). This Court should also take as true the Plaintiffs' allegations that the Defendants delayed providing medical aid and taking the Plaintiff to the hospital for his massive internal injuries for days. Id.

When Rule 12(c) is used to raise the defense of failure to state a claim upon which relief can be granted, the standard governing the Rule 12(c) motion for judgment on the pleadings is the same as that governing a Rule 12(b)(6) motion. See McGlinchy v. Shell Chemical Company, 845 F.2d 802, 810 (9th Cir. 1988); Rogers v. Fukase, 2010 WL 4812772 (D. Hawai'i 2010). "As a result a motion for judgment on the pleadings for failure to state a claim may be granted 'only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations.'" McGlinchy, 845 F.2d at 810; Rogers v. Fukase, 2010 WL 4812772 at Page 2. Rule 12(c) of the Federal Rules of Civil Procedure

20

states: "After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." <u>Rogers v. Fukase</u>, 2010 WL 4812772 at Page 2.

The instant Rule 12(c) motion should be denied given the trial of this matter is scheduled for December 11, 2023. There's no justification why the Defendants waited to the eve of the substantive motions cut-off to file a 12(c) motion for judgment on the pleadings. The Pleadings were closed over 2 and ½ years ago in October, 2020. (See ECF No. 35). Moreover, a defendant "will not succeed on a motion under Rule 12(c) if there are allegations in the plaintiffs' pleadings that, if proved, would permit recovery on his claim. Because of this limitation on the successful utilization of the Rule 12(c) procedure, the moving party always should consider employing a summary judgment motion rather than a motion for judgment on the pleadings." 5C Wright and Miller, <u>Federal Practice and Procedure</u> 3d, Section 1368 (West 2004). According <u>Federal Practice and Procedure</u> Sec. 1368:

> A material issue of fact that will prevent a motion under Rule 12(c) from being successful may be framed by an express conflict on a particular point between the parties' respective pleadings. It also may result from the defendant pleading new matter and <u>affirmative defenses in his answer</u>. According to Rule 7(a), the plaintiff is not required to reply to affirmative defenses or new matter appearing in the answer, and under Rule 8(d), averments in a pleading to which no responsive pleading is required are considered by the court to have been denied. Thus, when material issues of fact are raised by the answer and the defendant seeks judgment on the pleadings on the basis of this matter, <u>his motion cannot be granted.</u>

(Emphasis added). Here, defendants raised 20 affirmative defenses. (See ECF No.

35 at Pages 4-8). See also Defendants' Answer to Complaint at paragraphs no. 3-

4:

> 3. **The County Defendants deny the allegations set forth in paragraphs 4, 8, 21, 28, 29, 30, 32, 43, 44, 45, 46, 47, 48, 49, 51, 52, 53, 54, 56, 58, 59, 61, 62, 64, 66, 67, 68, 70, 71, 73, 74, 76, 77, 78, 79, 81, 82, 84, 86, 89, 92, 93, 96, 97, 100, 101, 102, 103, 104, 105, and 106 of the Complaint**.
>
> 4. The County Defendants are without knowledge or information sufficient to form a belief as to the veracity of the allegations set forth in paragraphs 1, 2, 3, 11, 12, 13, 19, 26, 31, 34, 35, 36, 37, 38, 39, 40, 41, and 42 of the Complaint and deny the same.

(See ECF No. 35, at p. 2) (Bold added). Defendants' own answer creates factual

conflicts with the plaintiffs' complaint that cannot be resolved by virtue of a

motion for judgment on the pleadings on each aspect of the Plaintiffs' federal and

state law claims. Defendants denied all of the allegations of excessive force, failure

to render aid and cover-up/conspiracy. (Compare Plaintiffs' Complaint, ECF No. 1

at nos. 20-97 to Defendants' answer/denial of each of those allegations at ECF no.

35, at p. 2).

There are no grounds to grant judgment on the pleadings under Rule 12(c)

since the City's own answer creates multiple factual conflicts with each and every

claim raised by the Plaintiffs in their complaint. Judgment on the pleadings cannot

be granted in this case. 5C Wright and Miller, Federal Practice and Procedure, Sec.

1367 explains when a 12(c) Motion can be granted thus:

As numerous judicial opinions make clear, a Rule 12(c) motion is designed to provide a means of disposing of cases when the material facts are not in dispute between the parties and a judgment on the merits can be achieved by focusing on the content of the competing pleadings, exhibits thereto, matters incorporated by reference in the pleadings, whatever is central or integral to the claim for relief or defense, and any facts of which the district court will take judicial notice. **The motion for judgment on the pleadings only has utility when all material allegations of fact are admitted or not controverted in the pleadings and only questions of law remain to be decided by the district court.**

Here Plaintiffs' expert, law professor and former police instructor, Andrew Tallmer confirms the excessive force and liability of the Defendants. (See Exhibit "1" hereto).

F. Plaintiffs' Complaint Asserts a Cause of Action Pursuant to 42 USC 1983

To state a claim under § 1983, "a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." Jensen v. City of Oxnard, 145 F.3d 1078, 1082 (9th Cir. 1998) (quoting Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989)). Inflicting fatal and massive internal injuries (including 4 broken ribs) to a DUI arrestee while handcuffed is unreasonable. (ECF 1 at 20-97). See also Graham v. Connor, 490 U.S. 386, 396-97 (1989) (force applied in effectuating arrest must be objectively reasonable; **reasonableness turns on circumstances, including severity of crime at issue**[.]").

### G. The Wrongful Death Claims of B.T.B. and Tristan Burton are Directly Authorized Under HRS 663-3 and Do Not Fail.

Defendants are incorrect that the wrongful death claims of Tristan Burton and B.T.B. fail because the Estate of Vincent Burton has been dismissed. HRS §663-3 entitled "Death by wrongful act", provides:

(a)  When the death of a person is caused by the wrongful act, neglect, or default of any person, **the deceased's legal representative**, **or any of the persons enumerated in  subsection (b)**, may maintain an action against the person causing the death or against the person responsible for the death. The action shall be maintained on behalf of the persons enumerated in subsection (b), except that the legal representative may recover on behalf of the estate the reasonable expenses of the deceased's last illness and burial.

(b)  In any action under this section, such damages may be given as under the circumstances shall be deemed fair and just compensation, with reference to the pecuniary injury and loss of love and affection, including:

(1)  Loss of society, companionship, comfort, consortium, or protection;

(2)  Loss of marital care, attention, advice, or counsel;

(3)  Loss of care, attention, advice, or counsel of a reciprocal beneficiary as defined in chapter 572C;

(4)  Loss of filial care or attention; or

(5)  Loss of parental care, training, guidance, or education, suffered as a result of the death  of the person;

**by the** surviving spouse, reciprocal beneficiary, **children**, father, mother, **and by any  person wholly or partly dependent upon the deceased person.**  The jury or court sitting without jury shall allocate the damages to the persons entitled thereto in its verdict or judgment, and any damages recovered under this section, except for reasonable expenses of last illness and burial, shall not constitute a part of the estate of the deceased. Any action brought under this section shall be commenced within two years from the date of death of the injured person, except as otherwise provided.

Here, the claims of the decedent Vincent Burton's surviving children, B.T.B. and Tristan Burton, are separately allowed *in addition to* the Estate Claim. These claims are equal to and/or directly allowed under HRS § 663-3, and are maintainable whether or not an Estate claim is concomitantly prosecuted- Hence the language of HRS § 663-3(a) providing: "When the death of a person is caused by the wrongful act, neglect, or default of any person, the deceased's legal representative, **or any of the persons enumerated in subsection (b)** may maintain an action against the person causing the death . . . by the surviving spouse, reciprocal beneficiary, **children**, father, mother, and by any person wholly or partly dependent upon the deceased person." (Bold added).

HRS § 663-3 permits surviving children to maintain a wrongful death cause of action for the loss of love, support, affection of their parent killed by the wrongful act of another. In addition, the damages allowed to the estate vs. the survivors are different. The estate is entitled to recover the last funeral and burial expenses, loss of enjoyment of life, and lost earnings of a decedent, whereas the survivors are authorized to recover the loss of love, support and affection, as well as other direct damages recoverable such as negligent and intentional infliction of emotional distress, punitive damages, etc. Plaintiffs had no control over the estate claims and whether and in what manner they would be prosecuted. Plaintiffs claims are not dependent on the Estate's claims.

For the reasons discussed herein, the individual wrongful death claims of Tristan and B.T.B. have not lapsed and should not be dismissed, as those claims are individually assertable wrongful death claims which B.T.B. and Tristan have a right to assert under HRS § 663-3(a), regardless of the dismissal of the Vincent Burton Estate.

In Bertelmann v. Taas Associates, 735 P.2d 930, 932, 69 Haw. 95 (Haw. 1987), the Hawaii Supreme Court upheld a motion to dismiss brought by the survivors of an intoxicated patron of the Sheraton Hotel who brought a dramshop action for the death of their parent. In finding the decedent's survivors could not make out a cause of action, the Hawaii Supreme Court found that dramshop liability simply does not extend to single car accidents where no innocent third-parties are injured as opposed to the intoxicated consumer alone. The Court stated: "do liquor consumers who are injured because of their intoxication possess a common law dram shop action against the commercial liquor sellers who violate HRS § 281-78(a)(2)(B)? Note, Ono v. Applegate: Common Law Dram Shop Liability, 3 U.Haw.L.Rev. 149, 158 (1981). We now answer no." Bertelmann, 735 P.2d at 933.

Since dramshop liability did not exist whatsoever, neither the decedent's estate nor the decedent's survivors *could* maintain a cause of action. Id. at 935. Merely because the decedent's estate was dismissed in a separate action, as the Plaintiffs did not represent the Estate Representative in the present cause of action,

does not mean that the survivors ipso facto cannot maintain a wrongful death cause

of action for the death of their father. The Estate "could have" and did assert a

cause of action which was dismissed for procedural/technical grounds, unlike

Bertelmann, where the Estate (and hence the survivors) could not maintain a cause

of action since dramshop liability did not extend to the situation where an

intoxicated consumer injures themselves alone in a single car accident, not

innocent third-parties. As stated in Bertelmann:

> Appellants' proposition that Decedent's Survivors, as plaintiffs in a wrongful
> death action under HRS § 663-3, may recover even though Decedent's estate
> cannot, is clearly misplaced. The majority rule is that a plaintiff in a wrongful
> death action can only recover if the tortious harm the decedent suffered **would
> have entitled the decedent to maintain an action against the defendant**.
> Anderson v. Gailey, 97 Idaho 813, 555 P.2d 144 (1976). That is, if the
> decedent's recovery was barred, so are his or her survivors' wrongful death
> action. Id.

> In Nolan v. Morelli, 154 Conn. 432, 226 A.2d 383 (1967), the decedent died
> after consuming too much liquor, and the plaintiff brought suit against the
> defendant liquor sellers. **Because the decedent had no cause of action
> against the defendants, the Connecticut Supreme Court ruled the
> plaintiff, standing in the decedent's shoes, also lacked one**. Id.

Bertelmann, 735 P.2d 935. Here the Estate of the Decedent Vincent Burton *could*

*have* maintained a wrongful death cause of action which was dismissed on

procedural deficiencies. The surviving spouse of the decedent, Donna Burton, was

appointed personal representative and had separate counsel from the surviving

children/Plaintiffs herein. Ms. Burton is not the mother of the Plaintiffs herein.

In Hawaii, "[i]ssue preclusion applies to a subsequent suit between the parties or their privies on a different cause of action and prevents the parties or their privies from relitigating any issue that was actually litigated and finally decided in the earlier action." Exotics Haw.-Kona, Inc. v. E.I. Dupont De Nemours & Co., 104 Hawai'i 358, 365, 90 P.3d 250, 257 (2004) (quoting Bremer v. Weeks, 104 Hawai'i 43, 54, 85 P.3d 150, 161 (2004)) (emphasis omitted). The party asserting issue preclusion bears the burden of establishing:

> (1) the issue decided in the prior adjudication is identical to the one present in the action in question; (2) there is a final judgment on the merits; (3) the issue decided in the prior adjudication is essential to the final judgment; and (4) the party against whom issue preclusion is asserted was a party or in privity with a party to the prior adjudication.

Id. The final judgment in the Donna Burton matter is not binding on the survivors in the present case. The claims and parties are different, and the issues were not "actually litigated", given the failure of the Burton Estate to file an opposition to the Motion for Summary Judgment resulting in all of the Government Defendants' facts being admitted. In the present case, those issues are being hotly contested and litigated. See Exhibit "1" and Defendants' answer to the Plaintiffs' Complaint at ECF No. 35. As such the present Motion should be denied.

Respectfully submitted.

DATED: Honolulu Hawaii, April 7, 2023.

/s/Paul V.K. Smith
TERRANCE M. REVERE

PAUL V.K. SMITH
Attorneys for Plaintiffs